Thomas TEW, Trustee for the Bankruptcy Estate of ESM Government Securities, Inc., Plaintiff,

v.

ARIZONA STATE RETIREMENT SYSTEM, Defendant.

No. 86–6482–CIV.

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

Jan. 29, 1987.

Thomas Lehman, Friedman & Lehman, P.A., Miami, Fla., for plaintiff.

David Rich, Asst. Atty. Gen., Office of the Atty. Gen. of Arizona, Phoenix, Ariz., for defendant.

## ORDER GRANTING PLAINTIFF FINAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT

GONZALEZ, District Judge.

THIS CAUSE came on to be heard on Motions for Final Summary Judgment filed by plaintiff and defendant. The matter was submitted to this court upon a Joint Stipulation of Facts. Defendant has submitted additional affidavits in support of its motion.

This is an action commenced by plaintiff, as Trustee for the bankruptcy estate of ESM Government Securities, Inc. ("ESM"), pursuant to 11 U.S.C. §§ 542 and 559, to recover property of the estate from defendant, a term repurchase customer of ESM.

Prior to its financial collapse, ESM entered into repurchase agreements with defendant whereby ESM, for a stated repurchase price, agreed to repurchase government securities from defendant. Shortly after entering into the repurchase agreement with defendant, ESM notified defendant it was ceasing business operations and defendant proceeded to resell to third parties the government securities that were subject to repurchase by ESM.

Plaintiff now seeks to recover $75,653.47, the difference between the prices received by defendant on the resale of government securities and the stated repurchase prices that were agreed upon by defendant and ESM. Against this claim, defendant asserts a right of recoupment in the amount of $72,533.28, the loss defendant claims it sustained as a result of ESM's breach of the repurchase agreements. Defendant's claim of recoupment is based on the fact that two days elapsed between the time ESM repudiated its repurchase agreements with defendant and the time defendant finally received the total proceeds from the resale of the government securities to third parties. The amount defendant seeks to recoup against the plaintiff's claim is equal to the sum of the interest income defendant would have earned had the funds obtained by defendant on resale of the securities not been delayed two days, but rather were immediately available for reinvestment at an interest rate equal to the rate ESM had agreed to pay on its repurchase agreements with defendant.

In addition to its recoupment claim, defendant seeks to reduce plaintiff's claim by

an additional $31,509.81, which represents defendant's expenses in connection with the liquidation of its repurchase agreement with ESM. See 11 U.S.C. § 559. Defendant has filed affidavits with the Court detailing such expenses.

■ The court has considered the motions together with the pleadings, stipulation, and affidavits on file and concludes that there is no genuine issue of material fact and that plaintiff is entitled to a judgment as a matter of law on his claim against defendant in the amount of $75,653.47.

■ The court finds and concludes that defendant's asseration of a right to recoup $72,533.28 in lost interest income against plaintiff's claim is in the nature of a claim for consequential damages resulting from ESM's breach of its repurchase agreements with defendant. *Cf. Associated Metals & Minerals Corp. v. Sharon Steel Corp.*, 590 F.Supp. 18 (S.D.N.Y.1983). Although investment securities are excluded from the scope of Article Two of the Uniform Commercial Code, the article is applied to determine the remedies available to an aggrieved seller of investment securities in an action to recover damages from a breaching buyer. *Bache & Co., Inc. v. International Controls Corp.*, 339 F.Supp. 341 (S.D.N.Y.) *aff'd* 469 F.2d 696 (2d Cir. 1972).

■ Under Article Two of the Uniform Commercial Code, consequential damages are not recoverable by an aggrieved seller against a buyer in an action for breach of contract for sale of goods. *Petroleo Brasileiro, S.A. Petrobras v. Ameropan Oil Corp.*, 372 F.Supp. 503 (E.D.N.Y.1974).

Accordingly, this court is persuaded that an aggrieved seller of government securities, such as defendant, is not entitled to recover consequential damages from a breaching buyer in an action for damages for breach of a contract for the sale of securities. Defendant, therefore, is not entitled to recoup against the plaintiff's claim lost interest income in the amount of $72,533.28.

■ The court also finds that defendant's claim of $31,509.81 in expenses is excessive because it includes charges for defendant's overhead costs and attorneys' fees incurred in connection with its defense of this action. Under Section 559 of the Bankruptcy Code, defendant is entitled to reduce plaintiff's claim by expenses, such as brokerage fees, bank charges or fees for legal services, that are directly related to the resale of the securities that were subject to repurchase by ESM. See S.Rep. No. 98–65, 98th Cong., 1st Sess. 72 (1983). (Senate Report accompanying S. 445, Omnibus Bankruptcy Improvements Act of 1983, which was a forerunner of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353).

Subsequent to oral argument, the parties stipulated that defendant incurred $4,467.08 in expenses that were directly related to the resale of securities by defendant.

Accordingly, it is ORDERED AND ADJUDGED that:

1. There is no genuine issue of material fact and plaintiff is entitled to a Final Judgment as a matter of law on his claim of $75,653.47 against defendant less $4,467.08 in expenses incurred by defendant on the liquidation of its repurchase agreement with ESM, for a total sum of $71,186.39.

2. Defendant's Motion for Final Summary Judgment is hereby DENIED.

3. The Court retains jurisdiction to determine the taxation of costs and pre-judgment interest on motion by plaintiff.