Thomas TEW, Trustee for the Bankruptcy Estate of ESM Government Securities, Inc., Plaintiff,

v.

ARIZONA STATE RETIREMENT SYSTEM, Defendant.

No. 86–6482–CIV.

United States District Court,
S.D. Florida,
Northern Division.

Sept. 23, 1987.

Thomas Lehman, Friedman & Lehman, P.A., Miami, Fla., for plaintiff.

David Rich, Asst. Atty. Gen., Phoenix, Ariz., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Motion for New Trial and Motion to Dismiss Complaint of defendant Arizona State Retirement System. The court entered final judgment for plaintiff on February 20, 1987. Defendant Arizona State Retirement System requests a new trial and dismissal of the complaint for lack of subject matter jurisdiction. Arizona claims that the Eleventh Amendment of the United States Constitution bars this action.

The Eleventh Amendment deprives the federal courts of jurisdiction to hear claims against states. Accordingly, the issue may be raised at any point in a proceeding. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 99, n. 8, 104 S.Ct. 900, 907, n. 8, 79 L.Ed.2d 67 (1984).

The Eleventh Amendment reads as follows:

> The Judicial power of the United States shall not be constructed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Thus, under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974). "A suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment" as well. *Pennhurst,* 465 U.S. at 100, 104 S.Ct. at 908. There are, however, several instances where a state's immunity may be overcome.

First, the state may waive its Eleventh Amendment immunity and consent to suit in federal court. *Gamble v. Florida Department of Health and Rehabilitative Services,* 779 F.2d 1509, 1512 (11th Cir. 1986). Such a waiver may be made only by express legislative action of the state.

*Edelman,* 415 U.S. at 673, 94 S.Ct. at 1360. This exception is not present in this case.

Second, the federal courts may enjoin a state official to conform his future conduct to the requirements of federal constitutional law. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (state official enjoined from enforcing a statute claimed to violate the Fourteenth Amendment). The federal court's power to grant relief is limited, however, "to awarding prospective relief; the court may not award retroactive monetary relief for violations of federal law." *See Pennhurst,* 465 U.S. at 102, 104 S.Ct. at 909; *Edelman,* 415 U.S. 651, 94 S.Ct. 1347. This exception is not at issue in this case.

A third exception to Eleventh Amendment sovereign immunity exists where Congress abrogates state immunity through explicit congressional enactment. *Gamble,* 779 F.2d at 1512. Plaintiff Trustee argues that Congress waived state immunity when it enacted 11 U.S.C. §§ 106(c) and 542.

Section 106 of the Bankruptcy Code expressly waives sovereign immunity in certain actions brought under the Code. Subsections 106(a) and (b), which waive sovereign immunity of a state which has filed a claim against the estate, do not apply here. Subsection 106(c) reads as follows:

> (c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—
>
> (1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and
>
> (2) a determination by the court of an issue arising under such a provision binds governmental units.

11 U.S.C. § 106(c). Thus, subsection (c) expressly waives sovereign immunity whenever an action is brought under a provision of the Bankruptcy Code that uses the terms "entity," "creditor," or "governmental unit." "Governmental unit" is de-

scribed elsewhere in the Code to include any state. 11 U.S.C. § 101(26).

Plaintiff argues that this action is one in which Congress has manifested intent to waive the state's sovereign immunity. This is an action brought pursuant to 11 U.S.C. § 542 which provides that a trustee may recover certain property of the estate from an "entity" holding such property. 11 U.S.C. § 542(a). The property in question is the excess proceeds received by Arizona on the liquidation of repurchase agreements that had been entered into by Arizona and ESM prior to bankruptcy. Section 559 of the Bankruptcy Code, governing the liquidation of repurchase agreements, deems the excess proceeds received on liquidation of repurchase agreements to which a bankruptcy debtor was a party to be property of the estate. In the Order granting plaintiff's motion for summary judgment, dated January 29, 1987, the court held that the excess proceeds received by Arizona on liquidation of the repurchase agreements must be returned to the estate. The Final Judgment ordered Arizona to return $74,264.89 plus interest to the estate.

It is clear that Congress intended to subject the state to suit under 11 U.S.C. § 542. Section 542(a) refers to property in possession of an "entity." Congress expressly stated in section 106(c) that any provision in the Bankruptcy Code that contains the word "entity" applies to governmental units. As discussed above, "governmental unit" is specifically defined to include states. *See* 11 U.S.C. § 101(26). Thus, the court is convinced that Congress intend to subject the state to suit in federal court under section 542(a).

The next question is whether Congress is authorized to abrogate the state's immunity. It is clear that Congress may abrogate the state's immunity when it acts pursuant to § 5 of the Fourteenth Amendment. *See Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171, *reh'g denied,* 473 U.S. 926, 106 S.Ct. 18, 87 L.Ed.2d 696 (1985); *Pennhurst,* 465 U.S. 89, 104 S.Ct. 900; *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614

(1976). The state's consent is unnecessary when Congress acts pursuant to the Fourteenth Amendment because the states, through their ratification of the amendment, consented to suits in federal court. *Fitzpatrick,* 427 U.S. 445, 96 S.Ct. 2666.

Congress may also abrogate the state's immunity "through its other [constitutionally] mandated legislative powers." *Gamble,* 779 F.2d at 1515. *See e.g., Parden v. Terminal Railway of the Alabama State Docks Department,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964) (Congress subjected state to suit pursuant to its commerce power when it enacted the FELA). However, it is unclear whether Congress has the power to subject unconsenting states to suit when Congress acts pursuant to its other delegated powers.

The uncertainty arises because the most recent Supreme Court decisions on the Eleventh Amendment, *Atascadero,* 473 U.S. 234, 105 S.Ct. 3142, *Pennhurst,* 465 U.S. 89, 104 S.Ct. 900 and *Fitzpatrick,* 427 U.S. 445, 96 S.Ct. 2666, expressly link Congress' power to bring an unconsenting state to suit in federal court with Congress' powers under the Fourteenth Amendment. *Matter of McVey Trucking, Inc.,* 812 F.2d 311 (7th Cir.1987). The Court's language in those cases may reflect the fact that, to date, it has only considered Congress' ability to subject unconsenting states to suit in federal court in cases in which the cause of action in question was derived from Congress' power under the Fourteenth Amendment. "However, it is also possible that the Court may be indicating that the Fourteenth Amendment is the only grant of power that allows Congress to do so." *Id.* at 315. The Court left the question open in *Oneida County v. Oneida Indian Nation,* 470 U.S. 226, 105 S.Ct. 1245, 84 L.Ed.2d 169 (1985).

Several United States Courts of Appeal have considered whether Congress' ability to force unconsenting states to suit in federal court is derived solely from the Fourteenth Amendment. *See McVey,* 812 F.2d 311 (Congress may properly waive state's immunity when acting pursuant to bankruptcy powers); *Peel v. Florida Depart-*

*ment of Transportation,* 600 F.2d 1070 (5th Cir.1979) (state immunity waived through congressional exercise of war power). This court is bound by the Fifth Circuit's decision and reasoning in *Peel.* *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

In *Peel,* an employee of the Florida Department of Transportation (DOT) filed suit against the DOT seeking reinstatement and compensation for lost wages and benefits under the Veteran's Reemployment Rights Act, 38 U.S.C. §§ 2021–2026 (the Act), passed pursuant to Congress' war powers. The state moved to dismiss on several grounds, including that the action was barred by the Eleventh Amendment. The district court denied the motion to dismiss and granted Peel's motion for summary judgment. The DOT was ordered to reinstate Peel and compensate him for lost wages and benefits. The state appealed on the ground, *inter alia,* that the Eleventh Amendment barred the district court's award of retroactive monetary relief.

The Fifth Circuit held that Congress explicitly intended to authorize suits against the state when it enacted the Act. *Peel,* 600 F.2d at 1081–82. The only other issue before the *Peel* court was whether the state's consent to be sued was necessary when Congress acted pursuant to one of its article I, § 8 powers.

The court recognized that explicit congressional intent alone was sufficient to subject the state to suit when Congress exercised its powers under the Fourteenth Amendment. *Id.* at 1080. However, the court went on to say:

> [W]e are persuaded that nothing in the history of the eleventh amendment, the doctrine of sovereign immunity, or the case law indicates that Congress, when acting under an article I, section 8 delegated power, lacks the authority to provide for federal court enforcement of private damage actions against the state.

*Id.* (footnote omitted). Thus, the court held that Congress could, under its war powers, subject an unconsenting state to suit in federal court.

The court expressed several rationales for its conclusion. The most plausible theory "is that a state consents to private damage actions when *Congress* manifests a sufficient purpose to abrogate a state's immunity. Under this approach, the state waived its immunity from suit in federal court at the time it surrendered its sovereign immunity and gave Congress the power to legislate under delegated powers." *Id.* (emphasis in original).

The Seventh Circuit reached the same conclusion in *McVey,* 812 F.2d 311. The *McVey* court held that Congress could constitutionally subject states to suit in federal court under its bankruptcy powers. The court noted that "[b]oth Article I and the Fourteenth Amendment are plenary grants of power to Congress. By definition, any grant of power to Congress that is 'plenary' is *ipso facto* a 'limitation[ ] on state authority.'" *Id. quoting Fitzpatrick,* 427 U.S. at 456, 96 S.Ct. at 2671. Thus, the *McVey* court held that the fact that the Fourteenth Amendment expressly limited state authority "does not make that power 'more plenary' than Congress' plenary Article I power." *McVey,* 812 F.2d at 321. The court concluded that, despite the broad language in *Fitzpatrick* and its progeny, Congress' powers under the Fourteenth Amendment and Article I are indistinguishable. *Id.*

This court must also conclude that Congress may subject unconsenting states to suit in federal court pursuant to its Article I powers. Additional support for this conclusion is found in the bankruptcy area itself. Congress has a "longstanding policy of vesting exclusive jurisdiction in bankruptcy cases in the federal courts." *McVey,* 812 F.2d at 321, n. 5. In fact, the Supreme Court has long held that the bankruptcy courts have power over all property of the debtor, including property on which a state asserts a lien. *See Gardner v. State of New Jersey,* 329 U.S. 565, 578, 67 S.Ct. 467, 474, 91 L.Ed. 504 (1947). The Eleventh Amendment cannot be held to limit Congress' power to regulate bankruptcy proceedings. For the foregoing reasons, this court must find that the Eleventh

**332**

Amendment does not deprive this court of subject matter jurisdiction. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion for New Trial and Motion to Dismiss Complaint of the defendant Arizona State Retirement System be and the same are DENIED.