**Thomas TEW, Trustee for the Bankruptcy Estate of ESM Government Securities, Inc., Plaintiff–Appellee,**

v.

**ARIZONA STATE RETIREMENT SYSTEM, Defendant–Appellant.**

No. 87–5946.

United States Court of Appeals, Eleventh Circuit.

May 24, 1989.

David Rich, Asst. Atty. Gen., Anthony B. Ching, Sol. Gen., State of Arizona, Phoenix, Ariz., for defendant-appellant.

Thomas R. Lehman, Miami, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, COX, Circuit Judge, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Arizona State Retirement System appeals the district court's grant of summary judgment to the trustee for the bankruptcy estate of ESM Government Securities, Inc., in the trustee's suit to recover money Arizona allegedly owed the estate. We reverse the district court, holding that the suit is barred by the Eleventh Amendment.

The facts were stipulated: On March 1, 1985, Arizona bought nine securities from debtor ESM—three U.S. treasury bills, three U.S. treasury bonds, and three U.S. treasury notes—for $210 million. At the time of the sale, ESM agreed to repurchase eight of those securities, excluding one note, on March 4, 1985, and to repurchase that note on March 8, 1985, for a total price of $210,159,991.68.

ESM was forced into receivership on March 4, 1985, when the Securities and Exchange Commission obtained an injunction in the United States District Court for the Southern District of Florida against it and its affiliates after revelations that ESM had conducted massive securities fraud. Plaintiff Thomas Tew was appointed equity receiver.

About 5:45 a.m. on March 4th, an ESM employee called Arizona to notify it that ESM was no longer in business. Arizona treated this message as a repudiation of its contract with ESM and by 11 a.m., it had resold the three treasury bills. On March 5, despite receipt of an order from the district court enjoining all ESM repurchase agreement participants from liquidating the government securities, Arizona sold the remaining bonds and notes. The total proceeds received from the resale of all the securities was $210,235,645.15.

A few weeks later, ESM creditors filed an involuntary bankruptcy petition against it. Plaintiff Thomas Tew, already the equity receiver, was named trustee. In June 1986, Tew filed this action against Arizona in federal district court seeking to recover $75,653.47 that Arizona allegedly received in excess of the amount it was entitled to receive from ESM under the agreement. The suit was brought pursuant to 11 U.S.C.A. § 542 of the Bankruptcy Code which authorizes the trustee to compel the "turnover" of estate assets which are held by others.

After argument on the parties' stipulated facts, the district court granted summary judgment for Tew, *Tew v. Arizona State Retirement Sys.*, 69 B.R. 608 (S.D.Fla. 1987). The court later denied Arizona's motion for a new trial and to dismiss the complaint, rejecting the State's contention that the suit was barred by the Eleventh Amendment, *Tew v. Arizona State Retirement Sys.*, 78 B.R. 328 (S.D.Fla.1987).

We reverse, holding that Congress did not expressly abrogate state sovereign immunity for bankruptcy proceedings in 11 U.S.C.A. § 106(c), and accordingly, Tew's suit under section 542 of the Code is prohibited by the Eleventh Amendment. We adopt the reasoning and analysis of the application of section 106(c) to a section 542 proceeding as detailed by Judge Roger J. Miner in the Second Circuit's opinion in *Hoffman v. Connecticut Dep't of Income Maintenance (In re Willington Convalescent Home, Inc.)*, 850 F.2d 50 (2d Cir.1988), *cert. granted,* —— U.S. ——, 109 S.Ct. 781, 102 L.Ed.2d 773 (1989), decided after the district court order in this case.

We recognize that *In re Willington* is in apparent conflict with the Seventh Circuit's decision in *McVey Trucking, Inc. v. Secretary of State of Illinois (In re McVey Trucking, Inc.)*, 812 F.2d 311 (7th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 227, 98 L.Ed.2d 186 (1987), as may be indicated by grant of certiorari in *In re Willington* by the Supreme Court, where the conflict presumably will be resolved. In the meantime, it is our judgment that the Second Circuit's opinion contains the proper reasoning.

Because we hold that Congress has not expressly abrogated sovereign immunity here, *see Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985), we do not reach the constitutional question of whether it would have the authority to do so.

Accordingly, the order of the district court is

REVERSED.