917 F.2d 1215
 23 Collier Bankr.Cas.2d 1535, 20 Bankr.Ct.Dec. 1949,
Bankr. L. Rep. P 73,671
 In re James C. PEARSON, Ida J. Pearson, Debtors.
James C. PEARSON, Ida J. Pearson, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-35819.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 13, 1990.
Decided Oct. 30, 1990.
 
 Barry L. Taub, Eugene, Or., for plaintiffs-appellants.
 John A. Dudeck, Jr., Atty., U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant-appellee.
 Appeal from the United States District Court for the District of Oregon.
 Before CANBY, KOZINSKI and TROTT, Circuit Judges.
 KOZINSKI, Circuit Judge:
 
 
 1
 This case presents an issue of first impression in this circuit: Is the United States immune from suit for money damages for violating the Bankruptcy Code's automatic stay, 11 U.S.C. Sec. 362(a)?
 
 
 2
 A. Bankruptcy Code section 106(c) provides that "governmental units" are bound by any code provision that "contains 'creditor', 'entity ', or 'governmental unit' ... [and by] a determination of the court of an issue arising under such a provision...." 11 U.S.C. Sec. 106(c) (emphasis added). The Code's automatic stay provision, in turn, operates against all "entities," 11 U.S.C. Sec. 362(a); it therefore binds all governmental units pursuant to section 106(c). Because the United States is a governmental unit, 11 U.S.C. Sec. 101(26), it is bound by the stay. So far, everyone agrees.
 
 
 3
 B. The plurality opinion in Hoffman v. Connecticut Dept. of Income Maintenance, --- U.S. ----, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989) (White, J., joined by Rehnquist, C.J., and O'Connor & Kennedy, JJ.), held that section 106(c) only waives sovereign immunity for purposes of injunctive and declaratory relief; it does not waive immunity from suit for money damages. Id. at 2822-23. While Hoffman dealt with the eleventh amendment immunity of the states, the plurality's reasoning is equally applicable to the immunity of the United States. Small Business Admin. v. Rinehart, 887 F.2d 165, 169-70 (8th Cir.1989).
 
 
 4
 While other courts have found this rationale sufficient, see, e.g., id. at 169-70, we know that four is less than five. We therefore turn to the reasoning of the four Hoffman dissenters.[1] They concluded that section 106(c) did purport to waive the government's immunity from suit for money judgments. However, they also noted that the Bankruptcy Code provision permitting damages awards for violation of the automatic stay, section 362(h), does not include any of the three magic words of section 106(c), and therefore does not apply to governmental units. Hoffman, 109 S.Ct. at 2826 n. 4 (Marshall, J., joined by Brennan, Blackmun & Stevens, JJ., dissenting). Although a footnote in a dissent is not exactly a holding, we have no reason to doubt that one or more of the Hoffman dissenters would adhere to this rationale. It therefore appears that a majority of the Supreme Court would hold that governmental units are immune to damages actions arising from violations of the automatic stay. Reading the tea leaves, we so hold.
 
 
 5
 AFFIRMED.
 
 TROTT, Circuit Judge, concurring:
 
 6
 I concur in the result reached by the majority opinion.
 
 
 
 [1]
 Justice Scalia joined neither the plurality nor the dissent. His rationale, that Congress does not have the power to abrogate the states' eleventh amendment immunity, Hoffman, 109 S.Ct. at 2824 (Scalia, J., concurring in the judgment), has no application here