In re Keith V. PINKSTAFF, Linda L. Pinkstaff, Debtors.

Keith V. PINKSTAFF, Linda L. Pinkstaff, Plaintiffs,

v.

UNITED STATES of America (INTERNAL REVENUE SERVICE) Defendant.

Bankruptcy No. 389–35221–H13. Adv. No. 90–3194–H.

United States Bankruptcy Court, D. Oregon.

Nov. 16, 1990.

Blair Henningsgaard, Astoria, Or., for plaintiffs.

Mark Nebergall, Washington, D.C., for defendant.

## OPINION

HENRY L. HESS, Jr., Chief Judge.

This matter came before the court upon the defendant's motion to dismiss this ad-

versary proceeding. The court may treat the motion to dismiss as a motion for summary judgment, B.R. 7012(b), and will do so as appropriate. The plaintiff is represented by Blair Henningsgaard of Astoria, Oregon and the defendant is represented by Mark Nebergall, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, D.C.

The complaint seeks a judgment voiding a lien obtained by the defendant; citing the defendant for contempt; and awarding damages for an alleged violation of the automatic stay by the defendant in obtaining the lien.

The motion to dismiss raises three issues:

1. Whether chapter 13 debtors may avoid a lien under 11 U.S.C. Section 545.

This court has held that chapter 13 debtors may utilize the avoidance provisions of chapter 5. See *In re Fanning*, Bankruptcy Case No. 383–03722, 6–28–83, Hess, J. and *In re Asher*, Bankruptcy Case No. 381–02224, 11–16–81, Hess, J. Thus, the debtors are the proper party to bring this action and the motion to dismiss will not be granted on this basis.

2. Whether the lien should be avoided under Section 545.

Section 545(2) provides as follows:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists;

 The defendant concedes in its memorandum that its lien was perfected after the case was filed. Defendant's Memorandum in Support of Motion to Dismiss, p. 3. The defendant further admits that, until the lien was perfected, it would not have priority over a purchaser of the property. Defendant's Memorandum in Support of Motion to Dismiss, p. 7–8. Thus, this case fits squarely under Section 545(2) and the plaintiff is entitled to an order voiding the lien.

3. Whether an award of damages against the USA is appropriate.

 The plaintiff seeks an award of damages against the defendant under 11 U.S.C. Section 362(h). The 9th Circuit Court of Appeals recently held that the USA is immune from damage awards under Section 362(h). *In re Pearson (Pearson v. United States)*, 917 F.2d 1215 (9th Cir.1990). Thus, although the court does not lack *jurisdiction* as the USA asserts, summary judgment in favor of the defendant as to plaintiff's claim for monetary damages under Section 362(h) is appropriate.

 Finally, the plaintiff seeks an order of contempt against the defendant because of its refusal to release the lien that was perfected postpetition.

In this regard, it is undisputed that the defendant filed two separate notices with the county clerk's office that the original notice of tax lien was improvidently filed. Thus, it seems unlikely that any damages accrued as a result of the defendant's actions. It further appears that the defendant was attempting to comply with the law as it understood it. These facts would lead the court to conclude that an award of punitive damages would not be appropriate in this case even if the court could impose such an award against this defendant.

In the unlikely event that any actual damages have resulted from the defendant's failure to release the lien, it would appear that *Pearson* precludes the court from rendering such a judgment against this defendant. The argument that the court can award damages for defendant's alleged contempt of this court's automatic stay order, but cannot do so under Section 362(h) elevates form over substance. It also ignores the axiom that the specific (Section 362(h)) controls over the general (a court's general contempt powers). Thus, although it could be argued the result mandated by *Pearson* seems to run contrary to the purposes of the Bankruptcy Code, it would appear that the defendant cannot be liable for any damages resulting from its alleged violation of the stay.

Accordingly, the court will enter an order voiding the defendant's lien and an order dismissing this adversary proceeding upon presentation of such documents by plaintiff's counsel.