**In the Matter of Florine COWART**
**(Chapter 13 Case 88–40382),**
**Debtor.**

**Florine COWART, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, a**
**subdivision of the United States of**
**America, Defendant.**

**Bankruptcy No. 88–40382.**
**Adv. No. 90–4093.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Dec. 4, 1990.

## MEMORANDUM AND ORDER

LAMAR W. DAVIS, Jr., Chief Judge.

This case comes before the Court upon a Complaint to Recover Money or Property pursuant to 11 U.S.C. Section 362(h) for alleged violation of the Section 362 stay by the Internal Revenue Service, a subdivision of the United States of America, ("IRS"). Upon consideration of the evidence adduced at the hearing held on August 1, 1990, the briefs and other documentation submitted by the parties and applicable authorities, I make the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Debtor and her ex-husband filed a Chapter 13 Plan with this Court in January, 1984. The IRS filed a proof of claim in that case for $3,257.78 in 1984 and was paid in full on its claim. The Debtor divorced her husband and dismissed herself voluntarily from that case in 1988. Thereafter, the Debtor filed the present Chapter 13 case individually on April 11, 1988. Her individual plan was confirmed on October 27, 1988. At the time the present petition was filed the Debtor owed no money to the IRS. Nonetheless the IRS held the Debtor's income tax refunds for three subsequent years, 1988, 1989, and 1990 (for tax years 1987, 1988, and 1989). In 1988 and 1989, the IRS returned the money after the Debtor either commenced or threatened to commence adversary proceedings against the IRS. The present adversary proceeding has been brought to recover the tax refund due for 1990 as well as costs and attorney's fees and punitive damages for the IRS's repeated violations of the Section 362 stay.

The IRS asserts that there has never been an intentional or willful attempt to

harass the Debtor or to continue to collect tax refunds from the Debtor, but rather that the Debtor's two Chapter 13 filings and divorce contributed to its inability to correct a computer error which caused the problem and points out that in each instance it returned the money upon demand with interest. In essence, the IRS blames this problem upon its computer. In addition, the IRS points out that the government has not been served with notice of the present bankruptcy, has not filed a proof of claim, and has not waived sovereign immunity.

## CONCLUSIONS OF LAW

The Debtor brought this adversary proceeding seeking actual damages, including costs and attorney's fees, and punitive damages pursuant to 11 U.S.C. Section 362(h)[1] for the willful violation of 11 U.S.C. Section 362(a)[2] by the Defendant IRS. The IRS has moved to dismiss the adversary proceeding or in the alternative for summary judgment inasmuch as the United States has not waived its sovereign immunity and, thus argues that this Court lacks in personam jurisdiction over the United States. In light of binding recent authority from the United States Supreme Court, and my analysis of relevant case law, I have no alternative but to grant the IRS motion to dismiss, albeit with much reluctance in view of the conduct of the IRS in its dealings with the Debtor.

■ The issue squarely before the Court is whether the doctrine of sovereign immunity bars the imposition of monetary damages against the IRS for willful violation of the Section 362 stay pursuant to 11 U.S.C. Section 362(h).

The doctrine of sovereign immunity bars all lawsuits against the United States in the absence of express Congressional consent, *Block v. North Dakota*, 461 U.S. 273, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983), and any such consent is strictly construed. *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

> Th[e] doctrine has its origin in the English concept that the governing royalty should be permitted to exercise his or her authority undisturbed by liability. As applied in its modern context, sovereign immunity is grounded in the practical realization that essential governmental activities should not be interrupted or slowed by litigation or liability.

*In re Lile*, 96 B.R. 81, 83 (Bankr.S.D.Tex. 1989) (citations omitted).

Congress has provided for a limited waiver of sovereign immunity in 11 U.S.C. Section 106, which provides:

> (a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

> (b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

> (c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

> (1) a provision of this title that contains 'creditor', 'entity' or 'governmental unit' applies to governmental units; and

> (2) a determination by the court of an issue arising under such a provision binds governmental units.

---

1. 11 U.S.C. § 362(h) provides:

   An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstance, may recover punitive damages.

2. In relevant part, 11 U.S.C. § 362(a) provides:

   Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

   (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

   (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title ...

In *Hoffman v. Connecticut Dept. of Income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989), the United States Supreme Court addressed the issue of whether 11 U.S.C. Section 106(c) authorizes a bankruptcy court to issue a money judgment against a governmental unit which has not filed a proof of claim in a bankruptcy proceeding. The Court noted the distinction between the use of the terms "claim" or "interest" in subsections (a) and (b), and the term "issue" in subsection (c), and deemed the distinction to evidence an intent to bind governmental units to the determination of issues before the Court, such as dischargeability orders, but not to authorize the award of money judgments against a governmental unit under Section 106(c):

> We believe that § 106(c)(2) operates as a further limitation on the applicability of § 106(c), narrowing the type of relief to which the section applies.... It provides that a 'determination' by a bankruptcy court of an 'issue' 'binds governmental units'. This language differs significantly from the wording of §§ 106(a) and (b), both of which use the word 'claim,' defined in the Bankruptcy Code as including a 'right of payment'.... The language of § 106(c)(2) is more indicative of declaratory and injunctive relief than of monetary recovery.... We therefore construe § 106(c) as not authorizing monetary recovery from the states. Under this construction of § 106(c), a state that files no proof of claim would be bound, like other creditors, by discharge of debts in bankruptcy, including unpaid taxes, but would not be subjected to monetary recovery.... The section applies to the Federal Government as well, and the language in § 106(c) waives the sovereign immunity of the Federal Government so that the Federal Government is bound by determinations of issues by the bankruptcy courts even if it did not appear and subject itself to the jurisdiction of such courts.

*Hoffman*, 109 S.Ct. at 2822–23 (citations omitted).

The Debtor seeks money damages from the IRS for willful violation of the Section 362 stay. It has been shown that the wrongfully withheld tax refund has been returned to the Debtor and thus declaratory or injunctive relief is unnecessary in this matter.

The *Hoffman* decision focused upon the Eleventh Amendment immunity of the states and not the Federal Government directly. As a result, there continues to be division among the Courts as to the existence of sovereign immunity for Federal Agencies. The Sixth Circuit in *In re Nordic Village, Inc.*, 915 F.2d 1049 (6th Cir. 1990), recently held that Section 106(c) operates as a waiver of sovereign immunity for purposes of recovery of a voidable transfer from the Internal Revenue Service. On the other hand, the Eighth Circuit has held that the Small Business Administration is immune from punitive sanctions under Section 362(h) for willful violations of the automatic stay. *Small Business Admin. v. Rinehart*, 887 F.2d 165 (8th Cir.1989). In addition, the Ninth Circuit has similarly held that the IRS is immune from sanctions for willful violation of the automatic stay provisions. *In re Pearson*, 917 F.2d 1215 (9th Cir.1990). Upon careful review of the foregoing, I find *Hoffman* binding on the issue of sanctions under Section 362(h) upon agencies and instrumentalities of the United States. I do not rule at this time on whether *Hoffman* is binding on the issue of waiver of sovereign immunity for federal agencies as to other monetary recoveries such as voidable preferences.

In holding *Hoffman* inapplicable to the determination of the waiver of sovereign immunity by the Federal Government, the *Nordic Village* court stated that it was not bound by *Hoffman* in the context of federal governmental immunity because there was no controlling analysis of Section 106 in that opinion. The Sixth Circuit noted that an equal number of justices sided with the majority and the dissent with the decisive vote cast by Justice Scalia, on other grounds. Justice Scalia wrote a concurring opinion in which he expressly declined to address the issue of whether Congress in-

tended to exercise a waiver of the states' Eleventh Amendment immunity because he determined that Congress did not have the *power* to do so. Thus, his opinion was based upon federalism and constitutional issues rather than upon the statutory interpretation found in the majority opinion. Therefore, the Sixth Circuit held that *Hoffman* cannot be used to support a claim that Congress has not waived the sovereign immunity of the United States.

In *Pearson, supra,* the Ninth Circuit addressed the issue of federal governmental immunity from sanctions for violation of the Section 362 stay and determined that governmental units are immune from suit for damages arising from violations of the automatic stay:

> While *Hoffman* dealt with the eleventh amendment immunity of the states, the plurality's reasoning is equally applicable to the immunity of the United States ... While other courts have found this rationale sufficient ... we know that four is less than five. We therefore turn to the reasoning of the four *Hoffman* dissenters. They concluded that section 106(c) did purport to waive the government's immunity from suit for money judgments. However, they also *noted that the Bankruptcy Code provision permitting damages awards for violations of the automatic stay, section 362(h),* does not include any of the three magic words ['creditor,' 'entity', or 'governmental unit'] of section 106(c), and therefore does not apply to governmental units. *Hoffman,* 109 S.Ct. at 2826 n. 4 (Marshall, J., joined by Brennan, Blackmun and Stevens, JJ., dissenting). Although a footnote in a dissent is not exactly a holding, we have no reason to doubt that one or more of the *Hoffman* dissenters would adhere to this rationale. It therefore appears that a majority of the Supreme Court would hold that governmental units are immune to damages actions arising from violations of the automatic stay. Reading the tea leaves, we so hold. (Emphasis provided).

Similarly, the Eighth Circuit held in *Rinehart* that, although the precise issue addressed in *Hoffman* concerned the extent to which the Eleventh Amendment immunity had been abrogated, the Court's reference, *in dictum,* to the Federal Government made its analysis equally applicable to a waiver of sovereign immunity by the Federal Government.

Without specifically adopting the *Rinehart* holding or entirely rejecting the *Nordic Village* analysis, I am persuaded by the *Pearson* holding that, in the context of sanctions under Section 362(h) for willful violations of the automatic stay provisions of Section 362(a), there is no waiver of sovereign immunity under Section 106(c) such as to allow an award of monetary damages against an agency or instrumentality of the United States.

The IRS further asserts that no remedy is available to the Debtor for any willful violation of the Section 362 stay because, in the absence of the filing of a proof of claim, sovereign immunity is not waived under Section 106(a).

"The task of resolving the dispute over the meaning of [a statute] begins where all such inquiries must begin: with the language of the statute itself.... [W]here ... the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms'." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) citing *Landreth Timber Co. v. Landreth,* 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985); *See also Consumer Product Safety Com'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980) (Absent a clearly expressed legislative intention to the contrary, the language of the statute itself must ordinarily be regarded as conclusive).

> The plain language of § 106 says nothing about the necessity of a governmental unit filing a proof of claim before there is a waiver of sovereign immunity nor does the definition of 'claim' or 'governmental unit', § 101(4) and § 101(21) respectively, say anything about the necessity of a governmental unit filing a proof of claim before there is a waiver of sovereign immunity.

*In re Davis,* 20 B.R. 519, 520 (Bankr.M.D. Ga.1982) *vacated on other grounds* 899 F.2d 1136 (11th Cir.1990).

The plain language of Section 106(a) is that Congress has waived the sovereign immunity of a governmental unit only when the following conditions are met:

(1) the estate has a claim against the governmental unit and the governmental unit has a claim against the estate;

(2) the claim against the governmental unit is property of the estate; and

(3) the claims of each must arise out of the same transaction or occurrence.

*Id.* at 521.

To inject into 11 U.S.C. § 106(a) a phrase such as 'A governmental unit that files a proof of claim under section 501 of this title' would change the plain language of the statute. To so inject would be doing exactly what Congress rejected. The original version of 11 U.S.C. Section 106 contained such words. The text of H.R. 8200, 95th Cong., 1st Sess. 324 (1977) and S.2266, 95th Cong. 2nd Sess., 313 (1978) each show 11 U.S.C. § 106 to read as follows:

(a) A governmental unit *that files a proof of claim under section 501 of this title* is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit *for which such governmental unit filed a proof of claim or interest under section 501* of *this title* any claim against such governmental unit that is property of the estate. (Underscoring added).

As finally adopted on November 6, 1978, sections (a) and (b) remained exactly the same except the underscored portion was eliminated from section (a) and (b), and section (c) was added. What congress rejected should not be injected. *Id.* (Emphasis in original).

Thus, I do not find that the absence of a proof of claim defeats recovery of monetary damages against a governmental unit under Section 106(a). Nonetheless, the first condition, that the estate have a claim against the governmental unit and the governmental unit have a claim against the estate, has not been met and hence there has not been a waiver of sovereign immunity. The estate does have a claim against the IRS for a willful violation of the Section 362 stay. *See In re Lile,* 103 B.R. 830 (Bankr.S.D.Tex.1989). The conduct of the IRS in this case is inexcusable and clearly damaged this Debtor such that Section 362(h) sanctions would be appropriate but for the existence of sovereign immunity. Nonetheless, the IRS has consistently denied the existence of any claim against the Debtor in this bankruptcy proceeding and points to "computer error" as the cause of its wrongful retention of the Debtor's refunds. In the absence of any claim by the IRS against the estate, the mutuality of claims requirement for a waiver of sovereign immunity under Section 106(a) has not been met and the IRS is immune from suit by this Debtor. 11 U.S.C. Section 106(b) involves setoff of the claims of a governmental unit against the claim of a debtor and the absence of mutual claims makes that subsection inapplicable as well. Therefore, I must dismiss this adversary proceeding.

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the Motion of the Internal Revenue Service is granted.