In re James E. TYSON and
Rita A. Tyson, Debtors.

Bankruptcy No. 91–04868–8P3.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 20, 1992.

**92**

Joyce I. Ouellette, Pinellas Park, Fla., Jay W. Fusco, Tampa, Fla., for debtor.

Chris C. Larimore, Bradenton, Fla., trustee.

## ORDER ON AMENDED MOTION FOR ORDER TO SHOW CAUSE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case, and the matter under consideration is an Amended Motion for Order to Show Cause Against the Internal Revenue Service (IRS) filed by James E. Tyson and Rita A. Tyson, his wife, (Debtors). The Debtors in their Motion seek an Order from this Court directing an authorized agent of the IRS to "appear before this Court and show cause as to why an order of contempt should not be entered." (sic)

The relief sought by the Debtors is based on the following facts, which are basically without dispute and may be summarized as follows.

On April 16, 1991, the Debtors filed their voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code. The matrix submitted together with the Petition properly scheduled the IRS as a creditor. The Notice of Meeting of Creditors, called pursuant to § 341 of the Bankruptcy Code, informed parties of interest that the last date to file claims was August 27, 1991. On the Schedules filed by the Debtors they listed the IRS as a priority creditor (sic) with a claim in the amount of $9,388.00.

On August 19, 1991, the IRS filed a Proof of Claim in the amount of $9,435.64 asserting a priority claim for $9,035.47 and a general unsecured claim in the amount of $400.17. On November 18, 1991, the Debtors' Chapter 13 Plan was confirmed. The Plan provided in Paragraph 4 that the priority claim of the IRS will be paid in full without interest during the sixty months provided for the consummation of the Plan.

It is without dispute that on October 14, 1991, the IRS filed its Notice of Intent to Levy against both Debtors, asserting a claim in the amount of $10,138.16. On October 20, 1991, the legal assistant for the attorney for the Debtors wrote to the IRS in Atlanta, Georgia, informing the Atlanta office that the Debtors were involved in a pending Chapter 13 case. It is further without dispute that notwithstanding receipt of this information, the IRS served a Notice of Levy of the wages, salary and other income on the employer of Mrs. Tyson, on November 27, 1991.

Based on the foregoing, it is the contention of the Debtors that the IRS violated the automatic stay, and because of this, they seek an "Order of Contempt" (sic) to be entered against the IRS and damages including attorney's fees and costs.

On January 17, 1991, this Court issued an Order To Show Cause and directed an authorized agent of the IRS to appear before this Court and show cause, if there is any, why appropriate sanctions should not be imposed for the willful violation of § 362(h) of the Bankruptcy Code. The matter was duly heard on the date indicated in the Order to Show Cause but because of the pendency before the Supreme Court of the case of *United States v. Nordic Village, Inc.*, 915 F.2d 1049 (6th Cir.1990), *cert. granted,* —— U.S. ——, 111 S.Ct. 2823, 115 L.Ed.2d 994 (1991), this Court took under advisement the request for sanctions waiting for the resolution of the issue whether or not the sovereign immunity doctrine prevents any money recovery from the IRS.

The subject of sovereign immunity is dealt with by § 106 of the Bankruptcy Code and provides as follows:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains 'creditor,' 'entity,' or 'governmental unit' applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

Before *Nordic Village* reached the Supreme Court, the reach and the scope of § 106 was considered by the Supreme Court in *Hoffman v. Connecticut Department of Income Maintenance et al.*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989). In *Hoffman*, the Trustee of the estate of the debtor, a former operator of a nursing home, sued the Connecticut Department of Income Maintenance attempting to collect medicaid payments allegedly owed to the debtor's estate. The Trustee's claim for recovery was based on § 542(b) of the Bankruptcy Code which provides that an "entity" that owes a debt that is property of the estate shall pay such debt to the estate. In addition, the Supreme Court considered a Trustee's action to recover payments made by a debtor to the Department of Revenue Services for taxes, penalties and interest alleged to be voidable preferences by virtue of § 547(b) of the Bankruptcy Code. Both claims were challenged by the State on the ground that the Trustees' suits were barred by the Eleventh Amendment to the Constitution.

The bankruptcy court rejected the challenge concluding that § 106(c) abrogated the immunity granted to the States by the Eleventh Amendment. On appeal the district court reversed, but on further appeal the Second Circuit held that: 1) § 106(c) abrogated the sovereign immunity pursuant to the Eleventh Amendment to the extent necessary to determine state's rights in the debtors' estate; and 2) proceedings pursuant to § 542(b) and § 547(b) were outside the scope of § 106(c) of the Bankruptcy Code. On certiorari, five members of the Supreme Court affirmed, albeit without a majority, concluding that the Trustee's actions were barred by the Eleventh Amendment. Three justices, while agreeing with the result, stated the view that in order to abrogate the Eleventh Amendment immunity granted to the States, Congress had to state the congressional intent in clear and unmistakable language, which language is not present in § 106(c). The concurring opinion also opined that § 106(c)(2) limited the applicability of § 106(c) to declaratory and injunctive relief and did not authorize monetary recovery from States.

It was not long before the Supreme Court was faced again with the interplay of § 106(c) of the Bankruptcy Code and the doctrine of sovereign immunity in *U.S. v. Nordic Village, supra. Nordic Village* involved a suit by the Trustee who sought to recover payments made by the principal of the debtor using funds of the estate post-petition to reduce his personal tax liability. The Trustee's claim for relief was based on § 549(a)(2)(B) of the Bankruptcy Code, which empowers the Trustee to avoid unauthorized post-petition transfers under certain conditions.

The bankruptcy court sustained the Trustee's claim and entered a judgment against the IRS in the amount of $20,-000.00. The district court affirmed, and on appeal, the Court of Appeals for the Sixth Circuit affirmed the holding that the sovereign immunity of the United States had been waived pursuant to § 106(c) of the Bankruptcy Code. On certiorari the Supreme Court reversed. *U.S. v. Nordic Village, Inc.*, —— U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). The seven members of the Supreme Court concluded, relying on some statements of the holding in *Hoffman, supra*, that a waiver of sovereign immunity must be clear and unambiguous and cannot be inferred and implied. Notwithstanding § 106(c), the Supreme Court stated that to be effective, a waiver of the government's sovereign immunity must be "unequivocally expressed" citing *Irwin v. Veterans Administration*, 498

U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The majority noted that the traditional principle that the government's consent to be sued must be construed strictly in favor of the sovereign is still a valid principle and should not be enlarged beyond what the language requires, citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983).

Neither *Nordic Village* nor *Hoffman* involved an interplay of the doctrine of sovereign immunity with § 362(h) of the Bankruptcy Code. For this reason, obviously none of these holdings can be considered to be persuasive authority for the issue before this Court. While it is true that the waiver of sovereign immunity was considered under § 106(a)(b), in *United States v. McPeck*, 910 F.2d 509 (8th Cir.1990) and by Judge Baynes of this Court in the case of *In re Fernandez*, 125 B.R. 317 (Bankr. M.D.Fla.1991), both decisions dealt with the reach of the waiver in the instant when the Government filed a Proof of Claim. However, *McPeck* held that the waiver provided by § 106(a) and (b) are limited and permit nothing more than an offset of the governmental units' claim against the estate, and neither *McPeck* nor *Fernandez* considered the reach and scope of § 106(c).

■ For this reason, it is important to resolve the more far reaching issue of whether *Hoffman* and *Nordic Village* prohibit the imposition of sanctions on a governmental unit pursuant to § 362(h) and the granting of affirmative relief to an individual for violation of the automatic stay, regardless whether the Government did or did not file a proof of claim in a particular case.

The difficulty with applying the holdings in *Hoffman* and *Nordic Village, supra*, to the facts under consideration should be apparent when one considers what is and what is not involved in the matter under consideration. Unlike in *Hoffman* and *Nordic Village*, which involved suits to recover money judgments against governmental units on claims, in the present instance the action by the Debtors is not to assert a claim for a money judgment but to impose sanctions against the IRS for a willful, knowing violation of the automatic stay pursuant to a remedy accorded by Congress to individuals pursuant to § 362(h) of the Bankruptcy Code.

Although this Court is unaware of any decision on the Courts of Appeals level addressing this issue after the Supreme Court rendered its opinion in *Nordic Village*, two Courts of Appeals addressed the impact of the doctrine of sovereign immunity on the right of an individual to obtain redress for a violation of the automatic stay by a governmental entity pre-*Nordic Village*.

In *In re Pearson*, 917 F.2d 1215 (9th Cir.1990), *cert. den.*, —— U.S. ——, 112 S.Ct. 1291, 117 L.Ed.2d 514 (1992), the Ninth Circuit Court of Appeals speaking through Judge Kozinski held that the United States of America is immune from a suit for money damages for violating the automatic stay imposed by § 362 of the Bankruptcy Code. The Court relied basically on the plurality opinion in *Hoffman* which of course did not involve a proceeding by an individual debtor to seek imposition of sanctions on the Government pursuant to § 362(h) of the Bankruptcy Code for the willful violation of the automatic stay. The Court in *Pearson*, oddly enough, relied on Footnote 4 of Justice Marshall's dissent in *Hoffman* in which the Justice opined by way of illustration that several Code provisions that permit money judgments do not apply to States, citing as an example § 362(h) because this Section does not contain the magic words included in § 106(c), i.e., the words "creditor," "entity," or "governmental unit." Seizing on these comments which were nothing more than pure dicta, and certainly had nothing to do with the issue involved in *Hoffman*, the Ninth Circuit concluded that because the three magic words are not included in § 362(h), the remedy granted to individuals by § 362(h) of the Bankruptcy Code is not available against the government or governmental units. The Ninth Circuit then proceeded to "read the tea leaves" as to how the Supreme Court would resolve the question and, relying on statements from the dissent in *Hoffman*, determined that the Supreme Court would hold that govern-

mental units are immune and not subject to sanctions under § 362(h) of the Bankruptcy Code.

The Eighth Circuit also addressed the issue of sovereign immunity of the United States from money judgments under § 362(h) in *Small Business Administration v. Rinehart*, 887 F.2d 165 (8th Cir. 1989). In that case the lower court had awarded compensatory and punitive damages against the Small Business Administration (SBA) for violating the automatic stay. The SBA had agreed to be responsible for compensatory damages, and that was not an issue before the appellate court. The appellate court, however, did set aside the punitive damages based on *Hoffman*. The Eighth Circuit held that "[b]ecause the [Supreme] Court has interpreted section 106(c) so as not to waive the government's sovereign immunity with respect to monetary awards we have no alternative but to reverse the district court's punitive damages award in this case." *Rinehart* at 170. The reasoning of the Eight Circuit in *Rinehart* is curious indeed because the Court did not have any difficulty accepting the proposition that the monetary sanctions against the SBA were proper, but merely held that the waiver of sovereign immunity did not apply to the award for punitive damages.

■ The rationale of the Eighth and Ninth Circuits defies common sense or logic. If the reasoning of *Pearson* and *Rinehart* is accepted, this would totally emasculate § 362(h) of the Bankruptcy Code. No one can seriously contend that the automatic stay imposed by § 362(a) of the Bankruptcy Code does not apply to governmental units. In fact, this Section does contain the "trigger words" set forth in § 106(c). Section 362(a) expressly provides that its prohibitions are applicable to all "entities" and this term clearly includes governmental units pursuant to § 101(15) of the Bankruptcy Code. Under the Eighth and Ninth Circuits' approach, despite the fact that § 362(a) applies to the government, § 362(h) does not include any "trigger words" and therefore is inapplicable to the Government, and an individual injured by a

willful violation of the automatic stay by a governmental unit does not have any right to redress against governmental units. Further, since § 362(h) fails to include a person or creditor against whom the Debtor may seek redress, an individual injured by a wilful violation of the automatic stay would not have a right to redress against anyone, including violating creditors. One need not elaborate further on the absurdity of this totally illogical interpretation of § 362(h).

The District Court of the Northern District of Illinois in the case of *In re Price*, 130 B.R. 259 (N.D.Ill.1991) addressed the interplay between § 106(c) and § 362(h), and reached what this Court considers to be the correct result. In *Price*, Chapter 13 debtors sought damages against the IRS alleging a willful violation of the automatic stay. The bankruptcy court awarded damages pursuant to § 362(h). On appeal, the district court held that sovereign immunity of the federal government for mandatory damages was waived despite the lack of the three magic words in § 362(h), having satisfied itself that clearly these magic words are present in § 362(a), and because the IRS had filed a proof of claim. As stated by the Court in *Price*, "... it is appropriate to read [§ 362(a) and § 362(h)] together, for it is subsection (h) which gives teeth to Subsection (a)." *See also In re Everett*, 127 B.R. 781 (Bankr.E.D.N.C. 1991).

*Price*, *Pearson*, and *Rinehart* are all pre-*Nordic Village* cases. Thus, the ultimate question is whether or not *Nordic Village* compels the conclusion that the sovereign immunity of governmental units grants the IRS full and complete protection so that the IRS and its agents are permitted to violate the automatic stay with impunity, or to carry this proposition to its logical extension, to permit agents of the IRS who claim to act with the support of their employer to willfully and knowingly violate valid orders of the court.

■ This Court is disinclined to accept this far reaching proposition, and is satisfied that *Nordic Village* is not controlling. The facts as outlined warrant the conclu-

sion that these Debtors are entitled to be compensated for the cost and expenses incurred by them as a direct result of the IRS's willful, knowing, violation of the automatic stay imposed by § 362 of the Bankruptcy Code. This Court's conclusion that § 362(h) is equally applicable to governmental units, such as the IRS, is fully consistent with the overall rehabilitative purpose of the Code, i.e., the fresh start concept so often emphasized not only by the legislative history of the Code but also by Courts, e.g., *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *Lines v. Frederick* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970).

█ This leaves for consideration whether or not it is proper to impose the relief sought by these Debtors i.e., imposition of sanctions by way of costs and attorney's fees against the Government, the IRS, *qua* IRS, or only against the agent who violated the automatic stay. The answer to this question is not without difficulty. There are numerous cases which disregarded the fact that the IRS is not a suable entity, and the real party of interest is the United States of America (Government) and did indeed impose sanctions against the IRS. *In re Inslaw,* 76 B.R. 224, 240 (Bankr. D.D.C.1987); *In re Lile,* 103 B.R. 830, 836 (Bankr.S.D.Tex.1989); *In re Shealy,* 90 B.R. 176, 179–80 (W.D.N.C.1988); *In re Bloom,* 875 F.2d 224, 227 (9th Cir.1989). This Court is inclined to follow these decisions which permitted the imposition of sanctions against the IRS. Consequently, this Court is satisfied that it is appropriate to grant the Debtor's Motion for Contempt treated as a Motion for Imposition of Sanctions pursuant to § 362(h) and impose monetary sanctions against the IRS after having received a submission of an itemized schedule of charges by counsel for the Debtor including a schedule of services rendered by Debtor's counsel and fees incurred. Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Debtor has 15 days from the entry of this Order within which to file a schedule of fees and costs incurred by the Debtor's attorney, which should include a detailed schedule of services rendered, and a schedule of any other damages incurred because of the actions of the IRS. It is further

ORDERED, ADJUDGED AND DECREED that the IRS has 30 days after receipt of the Debtor's submission within which to object to any portion of the submission. If the IRS fails to object, this Court will enter an ex parte order awarding damages to the Debtor. If an objection is interposed by the IRS, the matter will be set for a hearing.