**In re Terry Lee JOHNS, et al., Debtors.**

**UNITED STATES of America, Appellant,**

v.

**Terry Lee JOHNS, et al., Appellees.**

**Bankruptcy No. 93–1091–CIV–T–17.**

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 27, 1995.

Robert Wayne Genzman, Akerman, Senterfitt & Eidson, Orlando, FL, Mary Apostolakos Hervey, U.S. Dept. of Justice, Washington, DC, for appellant.

Thomas Joel Chawk, Family Legal Centers Of Chawk & Assoc., P.A., Lakeland, FL, for appellees.

### ORDER
KOVACHEVICH, District Judge.

This cause is before the Court on the Appeal of the Final Judgment entered May 20, 1993 which granted sanctions against the Internal Revenue Service for violation of the automatic stay in the amount of $635.00. This amount included a $50.00 bank charge, and attorney's fees in the amount of $585.00

incurred in resolution of the levy placed on the bank account of Appellants. The Court has examined the Appellant's Brief (Dkt. 4), as well as the Record from the Bankruptcy Court. The Appellees have not filed a brief.

■ The issue on appeal is whether the Bankruptcy Court had subject matter jurisdiction to grant affirmative money damages in the Final Judgment dated May 20, 1993. This is an issue of law which the District Court will review *de novo*.

The Court adopts Appellant's Statement of Facts and reproduces it here for ease of reference.

On February 22, 1988, Appellees filed a petition in bankruptcy under Chapter 13. At that time, Appellees were indebted to the United States in the amount of $4,130.74 plus interest for unpaid federal income tax liabilities for the period ending December 31, 1987. The United States did not file a proof of claim in the bankruptcy because its motion to file a proof of claim after the bar date was denied by the Bankruptcy Court by order dated June 1, 1989.

On October 25, 1991, Appellees were granted a discharge. Subsequent to Appellees' discharge, the United States engaged in admittedly unlawful collection efforts against Appellees in violation of the permanent injunction set forth in 11 U.S.C. § 524 because the United States attempted to collect a tax liability that had been discharged under 11 U.S.C. § 1328(a). Specifically, the United States withheld Appellees' 1991 tax refund and filed a Notice of Federal Tax Lien with respect to the discharged liability. As a result, Appellees filed a Motion for Sanctions against the United States.

At the hearing thereon, Appellees asserted that they incurred attorney's fees and costs as a direct result of the collection action undertaken by the United States. In this regard, Appellees claimed that they incurred a bank fee in the amount of $50.00 and attorney's fees in the amount of $585 as a direct result of the collection efforts of the United States.

■ Appellant contends that the Bankruptcy Court lacked subject matter jurisdiction to award affirmative money damages against the United States. Appellant argues that sovereign immunity affords them immunity from suit absent an explicit waiver of sovereign immunity, and all waivers will be strictly construed in favor of the sovereign. *Library of Congress v. Shaw*, 478 U.S. 310, 314–318, 106 S.Ct. 2957, 2961–2963, 92 L.Ed.2d 250 (1986). The absence of an express waiver of sovereign immunity deprives a court of jurisdiction to enter a judgment against the United States. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–954, 47 L.Ed.2d 114 (1976).

Appellant notes that with respect to bankruptcy proceedings, Section 106 of the Bankruptcy Code (11 U.S.C.) ("Section 106") governs the waiver of immunity by a sovereign. Section 106 states:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor," "entity," or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

■ Appellee notes that Section 106 waives sovereign immunity to allow imposition of affirmative relief in two settings. Section 106(a) waives sovereign immunity for affirmative relief in the case of a compulsory counterclaim against the United States. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992).

■ Section 106(b) waives sovereign immunity for affirmative relief in the case of a permissive counterclaim subject to a set off

limitation. *United States v. Nordic Village, Inc.,* 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992).

■ Appellant argues that Sections 106(a) and (b) are inapplicable because no proof of claim was filed by the United States. As such, Appellant contends that sovereign immunity has not been waived with respect to affirmative monetary relief.

Appellant notes that under 11 U.S.C. Section 524(a)(2), a discharge in bankruptcy operates as an injunction against the commencement or continuation of an action, the employment of process, or an action, to collect, recovery, or offset any dischargeable debt as a personal liability of the debtor.

Appellant further notes that although Section 524(a)(2) does not expressly provide for an award of damages for a violation of the permanent injunction, the Bankruptcy Court entered such an award under the theory that it has inherent authority to enforce the Bankruptcy Code. Appellant further notes that although the United States is subject to 11 U.S.C. § 524, and remedial action has been taken to ensure that no further collection action takes place, an award of monetary damages is inappropriate.

Appellant contends that because the Government filed no proof of claim, the only possible provision under which an award of damages can be sustained is Section 106(c). Under Section 106(c), Government agencies are bound by certain determinations of bankruptcy courts whether or not they file a proof of claim. Section 106(c) states that a "determination" by a bankruptcy court of "an issue" arising under provisions of the Bankruptcy Code that contain one of the three "trigger" terms ("creditor," "entity," or "governmental unit") "binds governmental units." Appellant states that Section 106(c) incorporates a limited, substantive element for declarative and injunctive relief.

Appellant notes that the Supreme Court, in *Hoffman v. Connecticut Department of Income Maintenance,* 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989), considered the scope of Section 106(c) in a suit against a state agency. The Supreme Court concluded that Section 106(c) was meant to permit de-

claratory and injunctive relief, rather than monetary recovery, and thereby to bind the governmental unit, without subjecting it to monetary judgments. The Supreme Court has further determined that Section 106(c) of the Bankruptcy Code (11 U.S.C.) does not waive the sovereign immunity of the United States from an action seeking a monetary recovery in bankruptcy. *United States v. Nordic Village,* 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). The Supreme Court expressly extended the rationale of *Hoffman* to the Federal Government.

The Court has examined the cases cited above. The Court has also examined other cases: *In re Tyson,* 145 B.R. 91 (M.D.Fla. 1992); *In re Moulton,* 146 B.R. 495 (M.D.Fla. 1992), and *In re Daniels,* 150 B.R. 985 (M.D.Ga.1992). After consideration, the Court concludes that the better reasoning is expressed in *Tyson, Moulton,* and *Daniels.* Those cases speak for themselves. Accordingly, it is

ORDERED that the Appeal of the Final Judgment is **denied,** and the ruling of Judge Baynes is **affirmed.** The Clerk of Court shall enter a final judgment of dismissal.

DONE and ORDERED.