**In re Sandra WILSON, Debtor.**

**Sandra Wilson, Plaintiff,**

**v.**

**South Carolina State Education Assistance Authority, Defendant.**

**Bankruptcy No. 00–11150. Adversary No. 00–01074A.**

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

Jan. 19, 2001.

---

10.   180 Ga. 318, 178 S.E. 654 (1935).

James B. Duncan, III, Augusta, GA, for Plaintiff.

Joseph E. Mitchell, III, Augusta, GA, for Defendant.

## ORDER

JOHN S. DALIS, Chief Judge.

By motion, South Carolina State Education Assistance Authority ("South Carolina") seeks to dismiss this adversary proceeding claiming this Court lacks subject matter jurisdiction.[1] South Carolina claims it is immune from suit under the Eleventh Amendment to the United States Constitution ("Eleventh Amendment").[2]

Sandra Wilson ("Debtor") filed a Chapter 7 case in this Court on May 10, 2000. South Carolina did not file a proof of claim in the underlying Chapter 7 case. On June 26, 2000, Debtor filed a complaint to determine the debt owed to South Carolina discharged under the undue hardship exception of 11 U.S.C. § 523(a)(8).[3] The debt is a student loan in the amount of $13,800.00. South Carolina filed a motion to dismiss and a brief in support of that motion asserting that as the South Carolina State Education Assistance Authority, an instrumentality of the State of South Carolina as codified in S.C.Code Ann. § 59–115–40 (Law. Co-op. 1976) it is protected from suit within the purview of the Eleventh Amendment. Debtor adopted as true the facts contained in South Carolina's motion to dismiss.

The Court has jurisdiction to determine this matter as a core proceeding under 28 U.S.C. § 157(a) & (b)(2)(A), (I), & (O)[4] and 28 U.S.C. § 1334 (1986). Defendant filed the motion to dismiss pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(1)[5], which is made applicable to bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 7012(b)(1).

---

1. No challenge was made to jurisdiction over the debtor/plaintiff in the underlying Chapter 7 bankruptcy case. The case is properly brought in the United States Bankruptcy Court for the Southern District of Georgia.

2. Eleventh Amendment to the United States Constitution provides:
   The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

3. 11 U.S.C. § 523(a)(8) provides in pertinent part:
   (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt–
   (8) for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend,
   unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

4. 28 U.S.C. § 157(a) & (b)(2)(A), (I), & (O) provides:
   (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
   (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
   (2) Core proceedings include, but are not limited to –
   (A) matters concerning the administration of the estate;
   (I) determinations as to the dischargeability of particular debts;
   (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

5. Federal Rule of Civil Procedure 12(b)(1) provides:
   (b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter.

Attacks on subject matter jurisdiction come in two forms. In a "facial attack", the court looks to the allegations of the complaint for a sufficient basis of subject matter jurisdiction and the allegations in the complaint are taken as true for the purposes of the motion. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (*citing Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980)). "Factual attacks" challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Lawrence*, 919 F.2d at 1529.

Since there are no facts in dispute concerning subject matter jurisdiction, the attack in this case is a facial one. The complaint when taken as true does allege sufficient subject matter jurisdiction. Even if South Carolina Education Assistance Authority, as a public instrumentality of the State of South Carolina, has not waived its sovereign immunity this court

has subject matter jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A), (I) & (O) and 11 U.S.C. §§ 523(a)(8) and 106.[6]

The fundamental issue presented is whether § 106 is constitutional in light of the Eleventh Amendment and the Supreme Court's decision in *Seminole Tribe v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). As previously stated in *In re Burke*, 203 B.R. 493, 497 (Bankr. S.D.Ga.1996) *aff'd on other grounds, In re Burke*, 146 F.3d 1313 (11th Cir.1998); and *In re Headrick*, 200 B.R. 963, 965–69(Bankr.S.D.Ga.1996) *aff'd on other grounds, sub nom. In re Burke*, 146 F.3d 1313 (11th Cir.1998), I am of the opinion that § 106 is constitutional pursuant to Congress' Fourteenth Amendment § 5 powers.[7]

## I. THIS IS A SUIT AGAINST A STATE WITHIN THE MEANING OF THE ELEVENTH AMENDMENT

A threshold issue is whether this adversary proceeding constitutes a "suit"

---

**6.** 11 U.S.C. § 106(a) provides:

a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:

(1) Sections 105, 106, 107, 108, 303, 346, 362, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 524, 525, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 728, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1303, 1305, and 1327 of this title.

(2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.

(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.

(4) The enforcement of any such order, process, or judgment against any governmental unit shall be consistent with appro-

priate nonbankruptcy law applicable to such governmental unit and, in the case of a money judgment against the United States, shall be paid as if it is a judgment rendered by a district court of the United States.

(5) Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law. (Emphasis added).

**7.** The Fourteenth Amendment §§ 1 and 5 of the United States Constitution provides:

Section 1. Citizens of the United States.

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

. . . . .

Section 5. Power to enforce amendment.

The Congress shall have the power to enforce, by appropriate legislation, the provisions of this article.

for Eleventh Amendment purposes. Generally, a suit lies against a state if the "judgment would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or compel it to act" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 n. 11, 104 S.Ct. 900, 908 n. 11, 79 L.Ed.2d 67 (1984) (citations omitted).

■ Applying this general rule to the facts of this case, this is a suit for Eleventh Amendment purposes. It is an adversary proceeding to determine the dischargeability of a student loan which if successful would restrain South Carolina from collecting the student loan debt at issue. *See In re Mitchell*, 222 B.R. 877, 882–83 (9th Cir. BAP 1998) (stating that Congress understood that proceedings listed in § 106 were "suits" subject to the Eleventh Amendment); *accord Harris v. Dep't of Human Resources (In the Matter of Harris)*, Chapter 13 No. 97–21358 adversary proceeding No. 98–2008, (S.D.Ga. September 29, 1998) (Davis, J.) (concluding that a complaint filed against the state to determine the dischargeability of a debt is a "suit" for Eleventh Amendment purposes). As stated by the Supreme Court, the Eleventh Amendment applies "regardless of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01, 104 S.Ct. 900, 908 n. 11, 79 L.Ed.2d 67 (1984) (citations omitted). Therefore, this adversary proceeding although not seeking money damages, is a suit against the State of South Carolina.

## II. THE FOURTEENTH AMENDMENT GRANTS CONGRESS AUTHORITY TO WAIVE A GOVERNMENTAL UNIT'S ELEVENTH AMENDMENT IMMUNITY FROM SUIT BROUGHT BY INDIVIDUALS TO DETERMINE THE DISCHARGEABILITY OF A DEBT.

In *Seminole Tribe*, the Supreme Court established a two prong test to determine whether Congress may abrogate a state's immunity: "…first, whether Congress has unequivocally expressed its intent to abrogate the immunity and second whether Congress has acted 'pursuant to a valid exercise of power.'" 517 U.S. at 55, 116 S.Ct. 1114. Section 106 clearly expresses congressional intent to abrogate the States' sovereign immunity. *See In re Merchants Grain, Inc.* 59 F.3d 630 (7th Cir.1995), *vacated and remanded sub nom., Ohio v. Mahern*, 517 U.S. 1130, 116 S.Ct. 1411, 134 L.Ed.2d 537 (1996).

■ The remaining issue is whether Congress has acted pursuant to a valid exercise of power. It did. After *Seminole Tribe*, Congress cannot abrogate a states' sovereign immunity under the bankruptcy clause of the United States Constitution. 517 U.S. at 72 n. 16, 77, 116 S.Ct. 1114 (J. Stevens' dissent), 116 S.Ct. at 1131 n. 16, 1134, 134 L.Ed.2d at 252. However, Congress can abrogate a State's sovereign immunity to prevent states from abridging a person's privileges and immunities of federal citizenship under the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 455, 96 S.Ct. 2666, 2671, 49 L.Ed.2d at 614 (1976).

> The protection extended to citizens of the United States by the privileges and immunities clause includes those rights and privileges which, under the laws and Constitution of the United States, are incident to citizenship of the United States, but does not include rights pertaining to state citizenship and derived solely from the relationship of the citizen and his state established by state law. (citations omitted).

*Snowden v. Hughes*, 321 U.S. 1, 6–7, 64 S.Ct. 397, 400, 88 L.Ed. 497 (1944). Congress and only Congress is empowered under Article I of the Constitution to grant to debtors the privileges and immunities of bankruptcy protection, and the Fourteenth Amendment gives Congress the power to enforce those privileges and immunities by creating private rights of action against the states. In § 106, Congress unequivo-

cally expressed its intent to abrogate the states' immunity, and this abrogation was enacted by a valid exercise of power under the Fourteenth Amendment. *In re Burke,* 203 B.R. 493, 497 (Bankr.S.D.Ga.1996) *aff'd on other grounds, sub nom. In re Burke,* 146 F.3d 1313 (11th Cir.1998); *In re Headrick,* 200 B.R. 963, 965–69 (Bankr. S.D.Ga.1996) *aff'd on other grounds, sub nom. In re Burke,* 146 F.3d 1313 (11th Cir.1998); *See Mather v. Oklahoma Employment Sec. Comm'n (In re Southern Star Foods, Inc.),* 190 B.R. 419 (Bankr. E.D.Okl.1995). (stating Article I gives Congress the power to legislate on the subject of bankruptcy, and the Fourteenth Amendment allows debtors to enforce the provisions of the bankruptcy code in federal court notwithstanding the states' Eleventh Amendment immunity). Furthermore, the Supreme Court in *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) held there was no constitutional right to bankruptcy but rather bankruptcy is a privilege created by Congress. 409 U.S. at 439–48, 93 S.Ct. 631; *See Tripati v. U.S. Bankr.Ct. E. Dist. of Texas,* 180 B.R. 160, 162 (E.D.Tex.1995). Congressman Mike Synar of Oklahoma succinctly expressed the reasons why the privilege and the immunities of bankruptcy must be available to all citizens of our nation: to preserve commerce and our capitalist economy, Congress knew that with success would come failure and businesses needed the "freedom to fail as well as a chance to succeed." *Hearings,* 103d Cong., 2d Session Bankruptcy Reform: *Hearing before the Subcommittee on Economic and Commercial Law of the Committee on the Judiciary House of Rep.*

August 17, 1994 A & P Bankr94 Hearings (8).

■ The Supreme Court in *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank,* 527 U.S. 627, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999) held that because Congress did not identify historical patterns of state infringement and inadequate state remedies before abrogating state sovereign immunity in the Patent and Plant Variety Protection Remedy Clarification Act, the Fourteenth Amendment's protection against deprivations of property without due process of law was not a proper source of power and therefore abrogation was unconstitutional. 119 S.Ct. at 2209–11, 119 S.Ct. 2199. Placing aside the fact that *College Savings* dealt with the standards required to utilize section 5 of the Fourteenth Amendment to enforce the due process clause rather than the privileges and immunities clause, and applying the due process analysis of *College Savings,* this court has jurisdiction. Because congressional enforcement power is "remedial", the Supreme Court requires that an "evil" Congress intended to remedy be first identified. *College Savings,* 119 S.Ct. at 2207; *See, Boerne v. Flores,* 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). The evil Congress sought to remedy in § 106 is governmental units defying federal bankruptcy law and then claiming sovereign immunity in the bankruptcy court. *Hearings,* 103d Cong., 2d Session Bankruptcy Reform: *Hearing before the Subcommittee on Economic and Commercial Law of the Committee on the Judiciary House of Rep.* August 17, 1994 A & P Bankr94 Hearings (8).[8] Illustrative cases in the legislative history show governmental units violating bankruptcy law and then claiming immunity.[9] *Id.* at 122 tab H.

---

**8.** Kenneth Klee in addressing the subcommittee identified the three problems H.R.2057 on sovereign immunity was to address: 1)uncertainty about whether proof of claims need to be filed by governmental units; 2) recent Supreme Court decisions enlarging the doctrine of sovereign immunity beyond original congressional intent; 3) total disdain of automatic stay by IRS/governmental units seizing property and resisting turnover. *Hearings,*

103d Cong., 2d Session Bankruptcy Reform: *Hearing before the Subcommittee on Economic and Commercial Law of the Committee on the Judiciary House of Rep.,* p. 37–38, August 17, 1994, A & P Bankr94 Hearings (8).

**9.** *Pinkstaff v. United States (In re Pinkstaff),* 974 F.2d 113 (9th Cir.1992); *Taylor v. United States,* 148 B.R. 361 (S.D.Ga.1992); *In re Shafer,* 146 B.R. 477 (D.Kan.1992), *amended,*

Other cases listed also illustrate that there was no adequate remedy available once sovereign immunity was asserted.[10] *Id.* at 128 tab H. Indeed only in bankruptcy court can a debtor be relieved of personal liability on a debt over a creditor's objection. This is a privilege and immunity created by Congress for all citizens of the United States through United States Code title 11, the bankruptcy code.

As Defendant's brief points out some case have rejected the Fourteenth Amendment argument and found section 106 unconstitutional.[11] *Sacred Heart Hosp. of Norristown v. Pennsylvania, Dep't. of Pub. Welfare,* 133 F.3d 237, 244 (3rd Cir. 1998) found that Congress did not state that it acted pursuant to the Fourteenth Amendment when it enacted § 106 and therefore the court concluded that Congress did not act pursuant to section 5 of the amendment. 133 F.3d at 244. However, as the court conceded Congress is not required to expressly state that it is relying on the Fourteenth Amendment. *E.E.O.C. v. Wyoming,* 460 U.S. 226, 243 n. 18, 103 S.Ct. 1054, 1064 n. 18, 75 L.Ed.2d 18 (1983) (citation omitted). *Sacred Heart* relying on *Pennhurst State Sch. v. Halderman,* 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981), stated that a court should not quickly attribute to Congress an unstated intent to act under its authority to enforce the Fourteenth Amendment. 133 F.3d at 244. The above-stated rule of statutory construction is relevant only when congressional intent is unclear. *Wyoming,* 103 S.Ct. at 1064 n. 18. In the present case, I am not seeking to decipher

148 B.R. 617 (D.Kan.1992); *Hankerson v. United States Dept. of Education,* 138 B.R. 473 (E.D.Pa.1992); *Davis v. IRS,* 136 B.R. 414 (E.D.Va.1992); *Brown v. United States (In re Brown),* 159 B.R. 1014 (Bankr.S.D.Ga.1993); *Matravers v. United States (In re Matravers),* 149 B.R. 204 (Bankr.D.Utah 1993); *Fingers v. United States (In re Fingers),* 148 B.R. 586 (Bankr.S.D.Cal.1993); *In re Adams,* 1993 WL 131435, 1993 Bankr.LEXIS 2105 (Bankr. E.D.Mich. January 7, 1993); *Unroe v. United States,* 144 B.R. 85 (Bankr.S.D.Ind.1992); *Taborski v. United States,* 1991 WL 236872, 1991 Bankr.LEXIS 1393 (Bankr.N.D.Ill. September 16, 1991); *In re Cowart,* 128 B.R. 492 (Bankr. S.D.Ga.1990); *In re Bryant,* 116 B.R. 272 (Bankr.D.Kan.1990), *aff'd, Bryant v. United States,* 1991 WL 204911, 1991 U.S. Dist. LEXIS 13093 (D.Kan. Sept. 9, 1991); *Toti v. United States,* 141 B.R. 126 (Bankr.E.D.Mich. 1992), *rev'd and remanded on other grounds,* 149 B.R. 829 (E.D.Mich.1993); *United States v. Fernandez,* 132 B.R. 775 (M.D.Fla.1991); *United States v. INSLAW, Inc. (In re INSLAW, Inc.),* 113 B.R. 802 (D.D.C.1989); *Adams v. United States (In re Adams),* 152 B.R. 1021 (Bankr.M.D.Ga.1993); *In re Tyson,* 145 B.R. 91 (Bankr.M.D.Fla.1992); *In re Everett,* 127 B.R. 781 (Bankr.E.D.N.C.1991); *Tidewater Memorial Hosp. Inc. v. Bowen (In re Tidewater Memorial Hosp., Inc.),* 106 B.R. 876 (Bankr. E.D.Va.1989); *Hardy v. United States (In re Hardy),* 161 B.R. 320 (Bankr.S.D.Ga.1993); *Matravers v. United States,* 149 B.R. 204 (Bankr.D.Utah 1993); *In re Solis,* 137 B.R. 121 (Bankr.S.D.N.Y.1992); *Price v. United States (In re Price),* 130 B.R. 259 (N.D.Ill. 1991); *Colon v. Hart (In re Colon),* 114 B.R.

890 (Bankr.E.D.Pa.1990) *In re Lile,* 96 B.R. 81 (Bankr.S.D.Tex.1989), *aff'd,* 161 B.R. 788 (S.D.Tex.1993).

10. *In re Shafer,* 146 B.R. 477 (D.Kan.), *as amended,* 148 B.R. 617 (D.Kan.1992); *Hankerson v. United States Dept. of Education,* 138 B.R. 473 (E.D.Pa.1992); *Brown v. United States (In re Brown),* 159 B.R. 1014 (Bankr. S.D.Ga.1993); *In re Adams,* 1993 WL 131435, 1993 Bankr.LEXIS 2105 (Bankr.E.D.Mich. January 7, 1993); *Unroe v. United States,* 144 B.R. 85 (Bankr.S.D.Ind.1992); *Toti v. United States,* 141 B.R. 126 (Bankr.E.D.Mich.1992), *rev'd and remanded on other grounds,* 149 B.R. 829 (E.D.Mich.1993).

11. *See Sacred Heart Hosp. of Norristown v. Pennsylvania, Dep't. of Pub. Welfare,* 133 F.3d 237, 244 (3rd Cir.1998) (discussed in text); *Schlossberg v. Maryland (In re Creative Goldsmiths),* 119 F.3d 1140, 1146 (4th Cir.1997) (holding that because there is no evidence that Congress utilized § 5 of the Fourteenth Amendment to abrogate sovereign immunity, 11 U.S.C. § 106 was unconstitutional); *Dep't of Transp. and Dev. v. PNL Asset Management Co. (In Matter of Fernandez),* 123 F.3d 241 (5th Cir.1997); *Mitchell v. California Franchise Tax Bd.,* 222 B.R. 877 (9th Cir. BAP 1998); *In re Elias,* 218 B.R. 80, 84 (9th Cir. BAP 1998). Since *Sacred Heart* utilizes the same reasoning as these other cases and it is the only case that addresses the privileges and immunities as opposed to only the due process clause of the Fourteenth Amendment, the Court will discuss it.

**310**

the congressional intent of section 106. Congressional intent clearly is to abrogate sovereign immunity. The *Pennhurst* rule of construction has no relevance to this case. *Id.*

*Sacred Heart,* further finds that the privileges and immunities clause has not been utilized by the Supreme Court since the *Slaughter–House Cases,* 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1872) and should not now be resuscitated. 133 F.3d at 244–45. However, as recent as May 1999, subsequent to *Sacred Heart,* the Supreme Court in *Saenz v. Roe,* 526 U.S. 489, 119 S.Ct. 1518, 143 L.Ed.2d 689 (1999) did just that. Relying upon the privileges and immunities clause, the Court held that "the right of a newly arrived citizen to the same privileges and immunities enjoyed by other citizens of the same state is protected not only by the new arrival's status as a state citizen, but also by her status as a citizen of the United States." *Saenz,* 119 S.Ct. at 1526, 119 S.Ct. 1518. The privileges and immunities clause of the Fourteenth Amendment remains a vital source of individual freedom and protection.

A final argument made in *Sacred Heart* and the other above referenced cases is that there is no evidence that Congress sought to correct or remedy past violations of the Fourteenth Amendment. 133 F.3d at 245. As discussed *supra,* there is clear evidence in the legislative history of the 1994 Bankruptcy Reform Act that Congress was utilizing its remedial power to stop governmental units from ignoring federal law, title 11 the bankruptcy code, and thereby violating the privileges and immunities of federal citizenship guaranteed by the Fourteenth Amendment. *See supra* notes 4, 5, and 6 and accompanying text. This court has subject matter jurisdiction pursuant to 11 U.S.C. § 106 to determine under § 523(a)(8) whether the debt due the South Carolina State Education Assistance Authority was discharged in the Debtor's underlying bankruptcy case.

South Carolina State Education Assistance Authority's motion to dismiss is ORDERED denied.

Further ORDERED that South Carolina State Education Assistance Authority file an answer to the complaint within thirty (30) days of the date of this order.