In re Virginia C. DRIVAS, Debtor.

Virginia C. Drivas, Plaintiff,

v.

Intuition, Inc., Defendant.

Bankruptcy No. 01–1932–3F3.
Adversary No. 01–129.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Aug. 28, 2001.

Mark G. Bodner, Office of the Attorney General, Ft. Lauderdale, FL, for FDE and defendant.

Ann W. Rogers, Ormond Beach, FL, for plaintiff.

Mamie L. Davis, Jacksonville, FL, Standing Chapter 13 Trustee.

### ORDER DENYING FLORIDA DE-PARTMENT OF EDUCATION'S MOTION TO DISMISS COMPLAINT

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding is before the Court on the Motion to Dismiss Complaint for Hardship Discharge and accompanying Memorandum of Law filed by the Florida Department of Education ("FDE") on May 23, 2001. (Adv.Doc.5, 6.) On June 6, 2001, Virginia C. Drivas ("Plaintiff") filed a Response to the Motion to Dismiss and an accompanying Memorandum of Law. (Adv. Doc.7.) On June 12, 2001, FDE filed a Reply to Plaintiff's Response. (Adv. Doc.8.) Upon review of the record and upon review of FDE's Motion to Dismiss, Plaintiff's Response, and FDE's Reply, the Court finds it appropriate to deny the Motion to Dismiss.

The facts of the instant Proceeding are not in dispute.

Between 1992 and 1998 Plaintiff took out several student loans from Nelnet Student Loan Corp. ("Nelnet"). These loans were guaranteed by the Florida Office of Student Financial Assistance, a division of FDE, pursuant to Chapter 240 of the Florida Statutes.

At some point prior to March 9, 2001, Intuition, Inc. ("Defendant") acquired Nelnet.

On March 9, 2001, Plaintiff filed a petition for Chapter 13 bankruptcy protection.

On March 22, 2001, Nelnet assigned Plaintiff's student loans to the Florida Office of Student Financial Assistance pursuant to Florida's guarantee of Plaintiff's loans.

On March 23, 2001, Nelnet filed eleven proofs of claim against Plaintiff's estate for the aforementioned student loan debts. (Claims 1–11.) Nelnet attached to each proof of claim the assignment of each loan from Nelnet to the Florida Office of Student Financial Assistance.

On April 19, 2001, Plaintiff filed a Complaint to Determine Dischargeability of a

**518**

Debt against Defendant. (Adv.Doc.1.) Plaintiff requests that the Court grant her a hardship discharge of the student loans at issue under 11 U.S.C. § 523(a)(8).

On May 23, 2001, FDE filed the instant Motion to Dismiss the Complaint to Determine Dischargeability. (Adv.Doc.5.) FDE asserts that the State of Florida is the true defendant in this Proceeding by virtue of the assignment of Plaintiff's student loans from Nelnet to the Office of Student Financial Assistance. FDE further argues that the State of Florida has sovereign immunity under the Eleventh Amendment to the United States Constitution against a § 523(a)(8) adversary proceeding to determine dischargeability. FDE also asserts that Congress' attempt to abrogate this sovereign immunity is unconstitutional. FDE finally alleges that the proofs of claim filed by Nelnet on FDE's behalf do not constitute a waiver of the State of Florida's Eleventh Amendment immunity.

On June 6, 2001, Plaintiff filed a Response to the Motion to Dismiss. (Adv. Doc.7.) Plaintiff asserts that FDE waived the State of Florida's Eleventh Amendment immunity against a § 523(a)(8) proceeding by filing proofs of claim for the student loans at issue in the main Case.

## I. THE ELEVENTH AMENDMENT GRANT OF SOVEREIGN IMMUNITY

### A. The Eleventh Amendment standard

■ The Eleventh Amendment to the United States Constitution grants states immunity from suits brought against them in Federal court by their own citizens or by citizens of other states or nations. *See Hans v. Louisiana,* 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

U.S. Const. amend. XI.

■ The Court divides the "suit" inquiry into three questions: (1) is the party seeking dismissal an agency of one of the fifty states? (2) is the state agency seeking dismissal a party defendant in the proceeding at issue? and (3) is the proceeding at issue a "suit" for Eleventh Amendment purposes?

Florida Statutes Chapter 229 establishes FDE as an administrative unit of the State of Florida. Florida Statutes § 229.003 provides that the Florida Office of Student Financial Assistance is a division of FDE.

■ An adversary proceeding brought by a debtor seeking to discharge under § 523(a)(8) student loan debts guaranteed by a state constitutes a "suit" against the state for Eleventh Amendment purposes. *See Wilson v. South Carolina State Education Assistance Authority (In re Wilson),* 258 B.R. 303, 307 (Bankr.S.D.Ga. 2001). "This is a suit for Eleventh Amendment purposes ... [I]t is an adversary proceeding to determine the dischargeability of a student loan which if successful would restrain South Carolina from collecting the student loan debt at issue." *Id.*

### B. Application to the instant Proceeding

■ The Court first finds that FDE is an agency of the State of Florida. The Florida legislature created FDE by statute, and placed it under the control of the State Board of Education. *See* Fla.Stat. § 229.75 (2001).

■ The Court also finds that FDE is a party defendant in the instant Proceeding despite the fact that Plaintiff has not

sued it. According to the assignments attached to proofs of claim one through eleven, Nelnet, a division of Defendant, transferred the loans at issue to the Office of Student Financial Assistance, a division of FDE pursuant to Florida Statutes § 229.003. Therefore, any judgment of dischargeability would result in a restraint against post-discharge collection by FDE, thus making FDE and the State of Florida de facto and indispensable defendants. Additionally, Plaintiff does not contest FDE's assertion that it is a de facto defendant in this Proceeding.[1]

The Court finally finds that the instant Proceeding is a "suit" in Federal court for Eleventh Amendment purposes. If successful the instant Proceeding would result in a federal court imposing a permanent restraint against an administrative unit of the State of Florida attempting to collect the student loan debt at issue. The imposition of such a restraint would have the effect of diminishing the coffers of the State of Florida. The potential for that outcome renders the instant Proceeding a "suit" for Eleventh Amendment purposes. The Court must therefore dismiss the instant Proceeding for lack of jurisdiction over FDE unless an exception to the Eleventh Amendment grant of immunity applies.

## II. EXCEPTIONS TO THE ELEVENTH AMENDMENT GRANT OF SOVEREIGN IMMUNITY

### A. The abrogation exception

### 1. The abrogation standard

■ Congress may abrogate a state's Eleventh Amendment immunity by unequivocally expressing an intent to abrogate state immunity in legislation enacted pursuant to a valid exercise of the abrogation power. *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996).

■ Article I of the Constitution cannot serve as a valid source of power for abrogation. *See Seminole,* 517 U.S. at 73, 116 S.Ct. 1114. "Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction." *Id.* Congress may properly abrogate states' Eleventh Amendment immunity pursuant to its power to enforce the provisions of the Fourteenth Amendment. *See College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board,* 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999).

### 2. The attempted abrogation: 11 U.S.C. § 106(a)

■ By enacting § 106(a) of the Bankruptcy Code, Congress unequivocally expressed its intent to abrogate states' Eleventh Amendment immunity from adversary proceedings brought in bankruptcy court to determine the dischargeability of student loans under § 523(a)(8). *See Wilson,* 258 B.R. at 307. "Section 106 clearly expresses congressional intent to abrogate the States' sovereign immunity." *Id.*

Most courts have found that Congress enacted § 106(a) pursuant to the bankruptcy power found in Article I, § 8 of the

---

1. The Court notes that by asserting itself as the de facto and indispensable defendant in its Motion to Dismiss, FDE has submitted itself to substitution as a party defendant in all aspects of this Proceeding. That does not mean that the Court feels that Defendant waived its Eleventh Amendment immunity by filing the Motion to Dismiss. Rather, the Court is of the opinion that FDE may not in the future argue that it is not bound by this Proceeding on the grounds that it was never properly brought before this Court by Plaintiff.

Constitution. *See e.g. Seay v. Tennessee Student Assistance Corp. (In re Seay)*, 244 B.R. 112, 115 (Bankr.E.D.Tenn.2000). Pursuant to *Seminole*, such an Article I-based attempt to abrogate the states' Eleventh Amendment immunity is unconstitutional. *See id.* "Congress' bankruptcy powers granted in Article I, § 8 do not confer on Congress the power to abrogate a state's Eleventh Amendment rights ..." *Id.*

Other courts have found that Congress enacted § 106(a) pursuant to the "Privileges and Immunities" clause of the Fourteenth Amendment of the Constitution. *See Wilson*, 258 B.R. at 307–310. Pursuant to *College Savings*, such a Fourteenth Amendment-based attempt to abrogate the states' Eleventh Amendment immunity properly brings the states under Federal court jurisdiction. *See Wilson*, 258 B.R. at 310. "[T]here is clear evidence in the legislative history of the 1994 Bankruptcy Reform Act that Congress was utilizing its remedial power to stop governmental units from ignoring federal law, title 11 ... and thereby violating the privileges and immunities of federal citizenship guaranteed by the Fourteenth Amendment." *Id.* at 310.

### 3. Application to the instant Proceeding

The Court finds it unnecessary to confront the abrogation question because it finds that the waiver exception applies to the instant Proceeding. FDE waived the State of Florida's Eleventh Amendment immunity against the instant Proceeding to determine the dischargeability of Plaintiff's student loans by filing proofs of claim for the student loans in the main Case.

This act of judicial restraint in the face of the constitutional thicket surrounding § 106(a) puts the Court in good company. The Eleventh Circuit Court of Appeals itself has elected to avoid the constitutional

question because it determined that a state/defendant waived its Eleventh Amendment immunity by filing a proof of claim. *See State of Georgia Department of Revenue v. Burke (In re Burke)*, 146 F.3d 1313, 1317 (11th Cir.1998). "[W]e need not resolve this abrogation issue because assuming arguendo that the State of Georgia has Eleventh Amendment immunity and it has not been abrogated by § 106(a), we conclude that in this case the State waived its sovereign immunity by filing a proof of claim in the debtors' bankruptcy proceedings." *Id.*

### B. The waiver exception

#### 1. Waiver by filing a proof of claim: *Gardner*

A state may waive its Eleventh Amendment immunity from the adjudication of its claim in bankruptcy court by filing a proof of that claim in a bankruptcy case. *See Gardner v. State of New Jersey*, 329 U.S. 565, 573, 67 S.Ct. 467, 91 L.Ed. 504 (1947). "It is traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide by the consequences of that procedure ... When the State becomes the actor and files a claim against the fund it waives any immunity which it otherwise might have had respecting the adjudication of the claim." *Id.* at 573–574, 67 S.Ct. 467.

Some courts have interpreted *Gardner* narrowly and found that the filing of a proof of claim waives a state's Eleventh Amendment immunity only for the purpose of the claims *allowance* process. *See Seay*, 244 B.R. at 112. These courts conclude that the filing of a proof of claim for student loans does not waive a state's Eleventh Amendment immunity from adversary proceedings to determine the dischargeability of those student loans under § 523(a)(8). *See id.* "The claims allow-

ance process deals exclusively with claims against the debtor's *estate* . . . By contrast, dischargeability litigation is in essence a declaratory judgment action against a creditor seeking to foreclose that creditor from collecting its debt *personally* from the debtor . . ." *Id.* (emphasis original).

Other courts have interpreted *Gardner* more broadly and found that the filing of a proof of claim waives a state's Eleventh Amendment immunity from proceedings to determine the dischargeability of the claim. *See Rose v. United States Department of Education (In re Rose),* 187 F.3d 926, 929 (8th Cir.1999). These courts conclude that the filing of a proof of claim for student loans waives a state's Eleventh Amendment immunity from adversary proceedings to determine the dischargeability of those student loans under § 523(a)(8). *See id.* "The bankruptcy court's claim adjudication and discharge processes were both related to the scope and status of [Missouri's] claim against the Rose's bankruptcy estate. The text of the bankruptcy code makes clear that these procedures are both part of a larger whole . . ." *Id.* at 930.

### 2. The Eleventh Circuit interprets *Gardner:* the *Burke* decision

In *In re Burke,* a consolidated appeal from two adversary proceedings, the Eleventh Circuit Court of Appeals held that the filing of a proof of claim by a state waives that state's Eleventh Amendment immunity against adversary proceedings for damages from violations of the discharge injunction and from alleged violations of the automatic stay committed while trying to collect the filed claim. *See Burke,* 146 F.3d at 1319. The *Burke* court stated:

The Supreme Court's decision in *Gardner* establishes that, by filing a proof of claim in the debtors' respective bankruptcy proceedings, the State waived its sovereign immunity for purposes of the adjudication of those claims. We hold

that this waiver includes the bankruptcy court's enforcement of the discharge injunction and the automatic stay in the instant cases. We believe that the enforcement of the bankruptcy court's orders in both of the instant cases falls easily within the waiver of immunity "respecting the adjudication of the claim" found by the Supreme Court in *Gardner* . . .

*Id.*

### 3. This Court's interpretation of *Burke*

██ The Court finds that the *Burke* decision supports the proposition that the filing of a proof of claim for student loans by a state waives that state's Eleventh Amendment immunity from proceedings to determine dischargeability under § 523(a)(8). The Court specifically finds that the *Burke* court endorsed an interpretation of *Gardner* broad enough to include a proceeding to determine dischargeability as an integral part of the claim adjudication process.

The Court also finds that proceedings to determine dischargeability are related to a bankruptcy court's enforcement of the discharge injunction in that such proceedings determine the presence of a discharge injunction as to a particular claim. Pursuant to *Burke,* proceedings related to a bankruptcy court's enforcement of the discharge injunction against collection of a particular claim are included in the scope of a waiver by proof of claim. Therefore, proceedings to determine dischargeability are included in the scope of a waiver by proof of claim.

The Court notes that the *Burke* court did not find relevant the fact that suits to recover damages for violations of the discharge injunction or for violations of the automatic stay do not affect the estate but instead affect a debtor's post-discharge assets. Courts that limit *Gardner* to the claims allowance process make much of

that fact in omitting dischargeability proceedings from the scope of waiver by proof of claim.

The Court is of the opinion that the *Burke* court's interpretation of the scope of the *Gardner* doctrine is comparable to the broad interpretation adopted by the Eighth Circuit in *Rose,* which found that immunity against § 523(a)(8) proceedings is waived by the filing of a proof of claim for student loans. The Court is of the opinion that the *Burke* court's interpretation of the scope of the *Gardner* doctrine is significantly broader than the narrow interpretation espoused by *Seay* and its progeny, which found that immunity against § 523(a)(8) proceedings is not waived by a proof of claim. This Court is of course bound by the Eleventh Circuit's interpretation of *Gardner* and therefore may not narrow the scope of *Gardner* to the extent the holding of *Seay* requires.

The Court is also of the opinion that *Burke* stands for the proposition that the claim adjudication procedure referred to by *Gardner* goes beyond the claim allowance process and extends to any proceeding related to the allowance, amount, priority, secured/unsecured status, enforceability, or collectability of a claim. In other words, the Court finds that, under *Burke,* when a state files a proof of claim, it waives its Eleventh Amendment immunity to contested matters or adversary proceedings related to the size, status and survival beyond discharge of that claim. These core bankruptcy questions are more interrelated with a proof of claim than proceedings for damages from violations of the discharge injunction or proceedings for damages from violation of the automatic stay, both of which the *Burke* court placed within the scope of the *Gardner* doctrine.[2]

The Court finds that a state that files a proof of claim does not waive its Eleventh Amendment immunity against suits brought by a debtor in a bankruptcy court that are merely related to the bankruptcy case at hand. For example, a state that filed a proof of claim against a debtor for unpaid student loans would not waive its Eleventh Amendment immunity against a claim by the debtor for damages from the state's violations of fair debt collection practices in attempting to collect on the loans prepetition.

**4. Application to the instant Proceeding**

The Court finds that FDE waived the State of Florida's Eleventh Amendment immunity against the instant Proceeding to determine the dischargeability of Plaintiff's student loans by filing proofs of claim for those student loans through Nelnet in the main Case.

First, the Court finds that the proofs of claim filed by Nelnet were filed on behalf of FDE and thus may be imputed to FDE. FDE does not argue otherwise.

Second, the Court finds that, under *Burke* and *Gardner,* the filing of the eleven proofs of claim for the student loans constitutes a waiver of the State of Florida's Eleventh Amendment immunity against this Proceeding to determine dischargeability of those student loans under § 523(a)(8). By allowing the proofs of claim to be filed on its behalf, FDE invoked the jurisdiction of this Court in order to receive distribution on its claims through Plaintiff's Chapter 13 plan. By seeking collection of its student loan claims in this Court, FDE submitted itself, and therefore the State of Florida, to this Court's jurisdiction to adjudicate the dis-

---

**2.** The Court notes that it does not intend to establish the "core" and "related to" jurisdictional tests of 28 U.S.C. § 157 as standards for the extent of *Gardner* waiver. The Court

uses these terms because they are commonly understood terms of art and are therefore useful for illustration of the Court's interpretation of *Burke.*

chargeability and thus collectability of the student loan claims. The determination of dischargeability is an integral part of the Court's claim adjudication process, to which FDE submitted the State of Florida by filing the proofs of claim.

## CONCLUSION

The Court finds that FDE, and thus the State of Florida, has Eleventh Amendment immunity against this Court determining the dischargeability of its student loan claims against Plaintiff. The Court also finds that FDE waived the State of Florida's Eleventh Amendment immunity against the instant Proceeding to determine dischargeability of student loans under § 523(a)(8) by allowing proofs of claim for the student loans at issue to be filed on its behalf in the main Case.

Accordingly, it is

**ORDERED:**

FDE's Motion to Dismiss is **denied.**