In re Debbie MONSERATT, Debtor.

Debbie Monseratt, Plaintiff,

v.

Student Loan Finance Corporation and Florida Department of Education, Defendants.

Bankruptcy No. 02–1807–3F7.
Adversary No. 02–136.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 9, 2002.

Gerald Stewart, Jacksonville, FL, for Plaintiff.

Mark G. Bodner, Davie, FL, for Florida Department of Education.

### ORDER GRANTING MOTION TO DIS-MISS FILED BY FLORIDA DE-PARTMENT OF EDUCATION

JERRY A. FUNK, Bankruptcy Judge.

This proceeding is before the Court upon the Motion to Dismiss Complaint for Hardship Discharge and accompanying memorandum of law filed by Defendant Florida Department of Education ("FDOE"). Plaintiff did not file a response to the Motion to Dismiss. Upon review of the record and upon review of FDOE's Motion to Dismiss, the Court finds it appropriate to grant the Motion to Dismiss.

Between January 12, 1999 and May 23, 2000 Plaintiff took out six student loans from IDAPP and NHELP a/k/a Nelnet Loan Services, Inc. ("Nelnet"). FDOE guaranteed the loans. Nelnet assigned its interest in the loans to FDOE. On July 24, 2002 the Court entered Order Granting Florida Department of Education's Motion for Substitution of Parties, substituting FDOE for Nelnet in the adversary proceeding.

FDOE asserts that as an agency of the State of Florida it has sovereign immunity under the Eleventh Amendment to the United States Constitution against a § 523(a)(8) adversary proceeding to determine dischargeability. FDOE also asserts that Congress' attempt to abrogate this sovereign immunity is unconstitutional.

## I. THE ELEVENTH AMENDMENT GRANT OF SOVEREIGN IMMUNITY

### A. The Eleventh Amendment Standard

The Eleventh Amendment to the United States Constitution grants states immunity from suits brought against them in Federal court by their own citizens or by citizens of other states or nations. *See Hans v. Louisiana,* 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. amend. XI.

The Court divides the "suit" inquiry into three questions: (1) is the party seeking dismissal an agency of one of the fifty states? (2) is the state agency seeking dismissal a party defendant in the proceeding at issue? and (3) is the proceeding at issue a "suit" for Eleventh Amendment purposes? Florida Statutes Chapter 229 establishes FDOE as an administrative unit of the State of Florida. An adversary proceeding brought by a debtor seeking to discharge under § 523(a)(8) student loan debts guaranteed by a state constitutes a "suit" against the state for Eleventh Amendment purposes. *See Wilson v. South Carolina State Educ. Assistance Auth. (In re Wilson),* 258 B.R. 303, 307 (Bankr.S.D.Ga.2001). "This is a suit for Eleventh Amendment purposes ... [I]t is an adversary proceeding to determine the dischargeability of a student loan which if successful would restrain South Carolina from collecting the student loan debt at issue." *Id.*

### B. Application to the Instant Proceeding

■ The Court first finds that FDOE is an agency of the State of Florida. The Florida legislature created FDOE by statute and placed it under the control of the State Board of Education. See Fla.Stat. § 229.75 (2002). The Court also finds that FDOE is a party defendant in the instant Proceeding by virtue of its substitution for Nelnet. The Court finally finds that the instant Proceeding is a "suit" in Federal court for Eleventh Amendment purposes. If successful the instant Proceeding would result in a federal court imposing a permanent restraint against an administrative unit of the State of Florida attempting to collect the student loan debt at issue. The imposition of such a restraint would have the effect of diminishing the coffers of the State of Florida. The potential for that outcome renders the instant Proceeding a "suit" for Eleventh Amendment purposes. The Court must therefore dismiss the instant Proceeding for lack of jurisdiction over FDOE unless an exception to the Eleventh Amendment grant of immunity applies.

## II. THE ABROGATION EXCEPTION TO THE ELEVENTH AMENDMENT GRANT OF SOVEREIGN IMMUNITY [1]

### A. The Abrogation Standard

■ Congress may abrogate a state's Eleventh Amendment immunity by unequivocally expressing an intent to abrogate state immunity in legislation enacted

---

1. There is also a "waiver exception" to the states' sovereign immunity as the Court recognized in *Drivas v. Intuition, Inc. (In re Drivas),* 266 B.R. 515 (Bankr.M.D.Fla.2001). In that case the Court held that the filing of a proof of claim by a state for student loans waives that state's Eleventh Amendment immunity from proceedings to determine dischargeability under § 523(a)(8). *Id.* at 521. As FDOE has not filed a proof of claim in the instant proceeding, the "waiver exception" does not apply.

pursuant to a valid exercise of the abrogation power. *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Article I of the Constitution cannot serve as a valid source of power for abrogation. *Id.* at 73, 116 S.Ct. 1114. "Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction." *Id.* However, Congress may properly abrogate states' Eleventh Amendment immunity pursuant to its power to enforce the provisions of the Fourteenth Amendment. *See Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Board,* 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999).

B.   The attempted abrogation: 11 U.S.C. § 106(a)

■ By enacting § 106(a) of the Bankruptcy Code, Congress unequivocally expressed its intent to abrogate states' Eleventh Amendment immunity from adversary proceedings brought in bankruptcy court to determine the dischargeability of student loans under § 523(a)(8). *See Wilson,* 258 B.R. at 307. "Section 106 clearly expresses congressional intent to abrogate the States' sovereign immunity." *Id.*

Whether, and to what extent, federal law can waive a State's immunity from suit in a bankruptcy or state court to enforce a federal bankruptcy claim remains unresolved by the Supreme Court. *Arnold v. Sallie Mae Servicing Corp. (In re Arnold),* 255 B.R. 845, 855 (Bankr.W.D.Tenn.2000). However, the majority of courts, including the circuit courts that have addressed the issue, have concluded that § 106 does not validly abrogate the states' sovereign immunity, either because: 1) Congress did not make clear that it enacted § 106 pursuant to the Fourteenth Amendment or 2) bankruptcy is not a privilege or immunity

protected by the Fourteenth Amendment. *Sacred Heart Hosp. v. Pennsylvania (In re Sacred Heart Hosp.),* 133 F.3d 237, 243–244 (3d Cir.1998) (finding nothing to suggest that Congress enacted § 106 pursuant to the Fourteenth Amendment and rejecting argument that bankruptcy is a privilege or immunity); *Louisiana Dep't of Transp. & Dev. v. PNL Asset Mgmt. Co. (In re Fernandez),* 123 F.3d 241, 245 (5th Cir.1997) (finding no evidence that § 106 was passed pursuant to the Fourteenth Amendment "to enforce either a protected due process property interest or a privilege of federal citizenship, namely, the right to a uniform system of bankruptcy"); *Schlossberg v. Maryland Comptroller of the Treasury (In re Creative Goldsmiths of Washington, D.C., Inc.),* 119 F.3d 1140, 1146–47 (4th Cir.1997) (finding no evidence that Congress enacted § 106 pursuant to § 5 of the Fourteenth Amendment or "sought to preserve the core values specifically enumerated in that amendment" and stating "[w]e will not presume that Congress intended to enact a law under a general Fourteenth Amendment power to remedy an unspecified violation of rights when a specific, substantive Article I power clearly enabled the law.") *cert. denied,* 523 U.S. 1075, 118 S.Ct. 1517, 140 L.Ed.2d 670 (1998); *Venable v. Acosta (In re Venable),* 280 B.R. 916 (Bankr.M.D.Fla.2002) (Proctor, J.); *Dodson v. Tennessee Student Assistance Corp. (In re Dodson),* 259 B.R. 635 (Bankr.E.D.Tenn.2001); *Bakst v. State of New Jersey (In re Ross),* 234 B.R. 199 (Bankr.S.D.Fla.1999). *But see Wilson,* 258 B.R. at 308 (finding § 106 enacted pursuant to the Privileges and Immunities Clause); *Hood v. Tennessee Student Assistance Corp. (In re Hood),* 262 B.R. 412, 428 (6th Cir. BAP 2001) (finding that States ceded their sovereignty over the bankruptcy discharge (and by extension their sovereign immunity) as part of the plan of the Constitutional Convention);

*Bliemeister v. Indus. Comm'n (In re Bliemeister)*, 251 B.R. 383, 394 (Bankr. D.Ariz.2000) (finding that Bankruptcy Clause implied abrogation of states' sovereignty rights and finding unnecessary the enactment of § 106) *aff'd on other grounds*, 296 F.3d 858 (9th Cir.2002).

## C. Application to the Instant Proceeding

The Court agrees with the majority of courts and holds that § 106 does not validly abrogate the states' sovereign immunity. In order for the Privilege and Immunity Clause of the Fourteenth Amendment to confer upon Congress the power to pass substantive bankruptcy legislation, bankruptcy itself must be recognized as a Privilege and Immunity under the Fourteenth Amendment. *Pitts v. Ohio Dep't of Taxation (In re Pitts)*, 241 B.R. 862, 875 (Bankr.N.D.Ohio 1999). "The Privilege and Immunity Clause has been interpreted to only protect those rights and privileges which, under the laws and Constitution of the United States, are incident to a person's citizenship of the United States. In other words, the Clause only protects those rights which owe their existence to the Federal Government, its National Character, its Constitution, or its Laws." *Id.* (citing *Snowden v. Hughes*, 321 U.S. 1, 6–7, 64 S.Ct. 397, 400, 88 L.Ed. 497 (1944)). The Court does not find that bankruptcy is such a right. The Supreme Court has held that there is no constitutional right to obtain a bankruptcy discharge. *United States v. Kras*, 409 U.S. 434, 447–48, 93 S.Ct. 631, 638–39, 34 L.Ed.2d 626 (1973). Additionally, although Article I, Section 8, Clause 4 of the Constitution authorizes Congress to "establish … uniform Laws on the subject of Bankruptcies throughout the United States", there is no requirement that Congress do so. *Pitts*, 241 B.R. at 875.

Furthermore, since *Seminole Tribe* the Supreme Court has addressed and rejected, in a variety of contexts, the attempted abrogation of the States' sovereign immunity pursuant to Section 5 of the Fourteenth Amendment. *See College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Board*, 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999) (addressing attempted abrogation in context of Trademark Remedy Clarification Act); *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999) (addressing attempted abrogation in context of Patent and Plant Variety Protection Remedy Clarification Act); *Kimel v. Florida Board of Regents*, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (addressing attempted abrogation in context of Age Discrimination in Employment Act); *Board of Trustees v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (addressing attempted abrogation in context of Americans with Disabilities Act of 1990). "These cases indicate that only a history of constitutional violations of the substantive provisions of the Fourteenth Amendment by the States can justify a statute abrogating their immunity in order to enforce those substantive provisions against them." *Venable*, 280 B.R. at 921. In light of the Supreme Court's refusal to recognize a valid abrogation of sovereign immunity within statutes dealing with education, age discrimination, and disability discrimination, it seems unlikely that the Supreme Court will find that § 106 "fulfilled the spirit and purpose behind the Fourteenth Amendment to remedy a deprivation of constitutional rights." Shauna Fuller Veach, *Dissension Among the Ranks-the Courts are at Odds Over 11 U.S.C. § 106 and its Purported Abrogation of Sovereign Immunity in the Bankruptcy Code*, 32 U. MEM. L. REV. 475, 516–517 (2002).

## CONCLUSION

Because Section 106 of the Bankruptcy Code is unconstitutional, it does not validly abrogate the States' sovereign immunity. Accordingly, it is

**ORDERED:**

Florida Department of Education's Motion to Dismiss is granted.